ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone:    415.433.1940
Facsimile:    415.399.8490


JOANNA L. BROOKS, Bar No. 182986
jbrooks@littler.com
MICHAEL W. NELSON, Bar No. 287213
mwnelson@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Facsimile:    925.946.9809


Attorneys for Defendant
LOOMIS ARMORED US, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA ROSALES, on behalf of herself, all others similarly situated, ,<br><br>Plaintiff,<br><br>v.<br><br>LOOMIS ARMORED US, LLC,<br><br>Defendant. | Case No.<br><br>Removed from Santa Clara County Superior Court Case No. 18CV326826<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANT LOOMIS ARMORED US, LLC** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant LOOMIS ARMORED US, LLC (hereinafter "Defendant") hereby notices the removal of the above-captioned suit from the Santa Clara County Superior Court ("Superior Court") to the United States District Court for the Northern District of California, San Jose Division (the "District Court"). This removal is based on 28 U.S.C. §§ 1441 and 1446. This Notice is based upon this Court's jurisdiction over the parties under 28 U.S.C. § 1332(d) (Class Action Fairness Act or "CAFA").

In support of this Notice of Removal, Defendant states the following:

## I.    STATE COURT PROCEEDINGS

1.      On April 16, 2018, Plaintiff Alicia Rosales ("Plaintiff") provided notice to the California Labor and Workforce Development Agency ("LWDA") of her alleged wage and hour claims against Defendant. Plaintiff served Defendant with the letter by certified mail on April 17, 2018. Plaintiff's correspondence was a pre-requisite to pursuing claims under the California Private Attorneys General Act ("PAGA"). A true and correct copy of Plaintiff's LWDA letter is attached hereto as **Exhibit A** and incorporated herein by reference.

2.      On or about April 19, 2018, Plaintiff filed a putative class action Complaint in the Superior Court of California, County of Santa Clara, which is captioned as follows: *Alicia Rosales, on behalf of herself, all others similar situated v. Loomis Armored US, LLC, a Texas corporation; and Does 1 through 50, inclusive*, designated as Case No. 18CV326826. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit B** and incorporated herein by reference.

3.      Plaintiff's Complaint alleged ten causes of action for: (1) Failure to Provide Proper Disclosure in Violation of the FCRA; (2) Failure to Give Proper Summary of Rights in Violation of the FCRA; (3) Failure to Make Proper Disclosure in Violation of the ICRAA; (4) Failure to Make Proper Disclosure in Violation of the CCRAA; (5) Failure to Provide Meal Periods; (6) Failure to Provide Rest Periods; (7) Failure to Pay Hourly and Overtime Wages; (8) Failure to Provide Accurate Written Wage Statements; (9) Failure to Timely Pay All Final Wages; and (10)

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT                    2.

1  Unfair Competition.  Plaintiff's Complaint did not include a PAGA cause of action.  The statutory

2  time period for review of the wage and hour claims set forth in Plaintiff's communication to the

3  LWDA had not yet expired.

4         4.    On May 18, 2018, the Superior Court issued an order scheduling the initial

5  case management conference for August 10, 2018, and a separate order deeming the case complex

6  and staying Defendant's responsive pleading, including but not limited to answers to the complaint,

7  motions to strike, demurrers, motions for change of venue and cross-complaints, until a date is set at

8  the parties first case management conference scheduled for August 10, 2018.  The Superior Court

9  directed Defendant to file a Notice of Appearance which would be without prejudice to the later

10  filing of a motion to quash to contest jurisdiction.  A true and correct copy of the Superior Court's

11  Notice of Rescheduled Case Management Conference is attached hereto as **Exhibit C** and

12  incorporated herein by reference.  A true and correct copy of the Superior Court's Order Deeming

13  Case Complex and Staying Discovery is attached hereto as **Exhibit D** and incorporated herein by

14  reference.  Plaintiff served the Notice of the Court's Orders on Defendant by regular mail on May

15  30, 2018.  A true and correct copy of Plaintiff's Notice of the Court's Orders is attached hereto as

16  **Exhibit E** and incorporated herein by reference.

17         5.    A true and correct copy of Defendant's Notice of Appearance is attached

18  hereto as **Exhibit F** and incorporated herein by reference.

19         6.    On or about July 20, 2018, Plaintiff filed a First Amended Complaint in the

20  Superior Court of California, County of Santa Clara (hereinafter "FAC").    The FAC adds an

21  eleventh cause of action for civil penalties under the PAGA, California Labor Code section 2698 *et*

22  *seq.*  Plaintiff served the FAC on Defendant via mail on August 1, 2018.  A true and correct copy of

23  the FAC is attached hereto as **Exhibit G** and incorporated herein by reference.

24         7.    On August 7, 2018, the parties submitted a Joint Case Management Statement

25  for purposes of the initial case management conference to be held on August 10, 2018.  A true and

26  correct copy of the Joint Case Management Statement is attached hereto as **Exhibit H** and

27  incorporated herein by reference.  Defendant specifically informed the Court of its intent to

28  challenge jurisdiction.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT          3.

8.    On August 10, 2018, the Superior Court lifted the stay of the action at the case management conference, and directed Defendant to proceed with a response to the FAC as served by Plaintiff.

9.    Pursuant to the FAC, Plaintiff seeks to represent herself and various classes. (*See* Exhibit G, FAC ¶ 14.)  Those classes include:

a.    FCRA Class: Plaintiff seeks to represent "[a]ll of Defendants' current, former, and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered…"

b.    ICRAA Class: Plaintiff seeks to represent "[a]ll of Defendants' current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered…"

c.    CCRAA Class: Plaintiff seeks to represent "[a]ll of Defendants' current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered…"

d.    Hourly Employee Class: Plaintiff seeks to represent "[a]ll persons employed by Defendants and/or any staffing agencies and/or any third parties in hourly or non-exempt positions in California during the Relevant Time Period."  Plaintiff defines "Relevant Time Period" as "the period beginning four years prior to the filing of this action until judgment is entered."

e.    Meal Period Sub-Class: Plaintiff seeks to represent "[a]ll Hourly Employee Class members who worked in a shift in excess of five hours during the Relevant Time Period."

f.    Rest Period Sub-Class: Plaintiff seeks to represent "[a]ll Hourly Employee Class members who worked in a shift of a least three and one-half (3.5) hours during the Relevant Time Period."

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT                4.

g.      Wage Statement Penalties Sub-Class: Plaintiff seeks to represent "[a]ll Hourly Employee Class members employed by Defendants in California during the period beginning one year prior to the filing of this action and ending when final judgment is entered."

h.      Waiting Time Penalties Sub-Class: Plaintiff seeks to represent "[a]ll Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years prior to the filing of this action until judgment is entered."

i.      UCL Class: Plaintiff seeks to represent "all Hourly Employee Class members employed by Defendants in California during the Relevant Time Period."

10.     In her FAC, Plaintiff states that she resides in the State of California and was formerly employed by Defendant.  (*See* Exhibit G, FAC ¶¶ 8, 23.)

11.     Plaintiff seeks unpaid wages, actual damages, liquidated damages, restitution, declaratory relief, pre-judgment interest, statutory penalties, civil penalties, costs of suit, and attorneys' fees, among other damages.  (*See* Exhibit G, FAC, Prayer for Relief.)  Plaintiff's FAC is otherwise silent as to the value of relief sought by way of this action.

12.     Defendant filed a timely Answer to the FAC on August 28, 2018 in the Superior Court.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit I** and incorporated herein by reference.

13.     To the best of Defendant's knowledge, no further proceedings have been filed in Plaintiff's state court action in the Superior Court, and the papers described above constitute all process, pleadings and orders filed and/or served in the Superior Court.

## II.     TIMELINESS OF REMOVAL

1.      The instant Notice of Removal of Civil Action has been timely filed within 30 days after service of the FAC from which Defendant ascertained that the case was removable under CAFA.  *See* 28 U.S.C. § 1446(b)(3); *see also City of Clarksdale v. BellSouth Tele., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (noting that the date service becomes effective is determined by state law); Cal. Code of Civ. Proc. § 1013(a) (adding five days for service by mail); Exhibit G, FAC.  Here, Plaintiff's FAC added an eleventh cause of action seeking significant civil penalties under PAGA. Under CAFA, a defendant may remove a case within 30 days of ascertaining the action is removable

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT                    5.

1   under CAFA even if an earlier pleading or other "paper" revealed an alternative basis for removal

2   (e.g., federal question jurisdiction.)  *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1180, 1184

3   (9th Cir. 2015).

4           2.      Neither Plaintiff's original Complaint nor the FAC identifies an amount in

5   controversy, and therefore neither complaint triggered the removal period.  (*See* Exhibit G, FAC ¶ 5

6   (alleging that damages "exceed the minimal jurisdiction of the Superior Court of the State of

7   California"); Exhibit B, Complaint ¶ 5.)  To trigger the 30-day removal period, the facts supporting

8   removal must be evident on the face of the complaint.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d

9   689, 694 (9th Cir. 2005).  A defendant is not charged with notice of removability absent the receipt

10  of a paper indicating the amount demanded by the putative class as a whole, even where it would be

11  a fair assumption from the named plaintiff's alleged damages to conclude that the amount in

12  controversy is met.  *See Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137,

13  145 (2nd Cir. 2014); *Kuxhausen v. BMW Fin'l Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir.

14  2013).   Further, a defendant has no duty to consult its own financial records to identify a

15  representative valuation of putative class members' claims.  *Kuxhausen*, 707 F.3d at 1141.  The 30-

16  day deadlines of sections 1441 and 1446 are also not triggered where a defendant determines the

17  case is removable by way of its own investigation, as opposed to a pleading or paper received by the

18  defendant.  *Id.* at 1139; *see also Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277 (6th Cir. 2016);

19  *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67 (1st Cir. 2014)**;** *Walker v. Trailer Transit, Inc.* 727

20  F.3d 819, 824-826 (7th Cir. 2013).  Rather, the 30-day time period of section 1446(b) begins to run

21  "only when the defendant receives a document *from the plaintiff* from which the defendant can

22  unambiguously ascertain CAFA jurisdiction."  *Graiser*, 819 F.3d at 285.

23          3.      With respect to diversity jurisdiction under section 1332(a), the FAC only sets

24  forth the plaintiff's residency, not her domicile or citizenship, and thus diversity is not immediately

25  clear.  *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (parties' actual citizenship,

26  not residency, determines diversity); *Harris*, 425 F.3d at 695-696.  Thus, like the grounds for CAFA

27  removal, neither Plaintiff's original complaint nor the FAC triggered Defendant's 30-day deadline to

28  remove the action.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL
COURT                                           6.

III.   **JURISDICTION AND VENUE**

1.     This is a suit of a wholly civil nature brought in a California court.  Venue is appropriate in this Court for purposes of this removal because the action was removed from the Superior Court of California for the County of Santa Clara to the District embracing the place where the action is pending pursuant to 28 U.S.C. sections 84(a), 1391, 1441(a) and 1446.

2.     The District Court also has original jurisdiction under the CAFA, 28 U.S.C. section 1332(d), and the action may be removed pursuant to 28 U.S.C. section 1446, in that this action is brought on behalf of greater than one hundred (100) persons, at least one of whom is a citizen of a state different from any defendant, wherein the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

IV.   **INTRADISTRICT ASSIGNMENT**

1.     All civil actions that arise in the County of Santa Clara shall be assigned to the San Jose Division.  Northern District Local Rule 3-2(c)(e), 3-5(b).  Thus, assignment to the San Jose Division is proper.

V.   **REMOVAL JURISDICTION PURSUANT TO CAFA**

1.     This Court has original jurisdiction over this action pursuant to CAFA.  As stated, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are greater than 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.  28 U.S.C. § 1332(d).  CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. section 1446.  This case meets each of CAFA's requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least 100 members; (2) there is diversity between at least one putative class member and Defendant; (3) the total amount in controversy exceeds $5,000,000; and (4) Defendant is not a state official or other governmental entity.

   A. **Plaintiff's Case Is Pled as a Class Action.**

1.     Under CAFA, a "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT                    7.

1    an action to be brought by one or more representative persons as a class action."  28 U.S.C. §
2    1332(d)(1)(B).

3        2.    Plaintiff's FAC asserts that she is attempting to represent various classes of
4    former, current, and prospective applicants or employees of Defendant during time periods starting
5    from one to seven years before the filing of the action.  (*See* Exhibit G, FAC ¶ 14.)

6    **B.  Plaintiff Brings This Action on Behalf of More Than 100 Persons.**

7        1.    CAFA provides that "the number of members of all proposed plaintiff classes
8    in the aggregate [not be] less than 100."  28 U.S.C. § 1332(d)(5)(B).  CAFA defines "class
9    members" as those "persons (named or unnamed) who fall within the definition of the proposed or
10   certified class in a class action."  28 U.S.C. § 1332(d)(l)(D).

11       2.    Here, the putative classes that Plaintiff purports to represent significantly
12   exceed one hundred (100) members.  With respect to Plaintiff's eleventh cause of action under
13   PAGA, Plaintiff's claims for civil penalties are limited to one year from the date Plaintiff provided
14   notice to the LWDA (hereinafter the "PAGA Period").  *See* Cal. Code of Civ. Proc. § 340; *Ramirez*
15   *v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1209 (N.D. Cal. 2013); *Robles v. Schneider Nat'l*
16   *Carriers, Inc.*, 2017 U.S. Dist LEXIS 123065, at *25 (C.D. Cal. 2017).  Defendant's records indicate
17   that it employed 1,267 non-exempt, hourly employees in California during the PAGA Period.  (*See*
18   Declaration of Katherine Perry in Support of Notice to Federal Court of Removal of Civil Action
19   from State Court ("Perry Decl.") ¶ 5.)

20       3.    Plaintiff's other claims are ever broader.  Plaintiff seeks to certify an "Hourly
21   Employee Class" consisting of all non-exempt employees in California during the "Relevant Time
22   Period," which is defined as four years prior to the filing of the Complaint.  (*See* Exhibit G, FAC ¶
23   14.)  Defendant's records indicate that it employed 1,712 non-exempt, hourly employees in
24   California during the last four years.  (*See* Perry Decl., ¶ 6.)

25       4.    Plaintiff's "FCRA Class" seeks to certify a class consisting of "[a]ll of
26   Defendants' current, former, and prospective applicants for employment in the United States who
27   applied for a job with Defendants at any time during the period for which a background check was
28   performed beginning five years prior to the filing of this action and ending on the date that final

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL
COURT                                    8.

1    judgment is entered…" (*Id.*)  Defendant has yet to ascertain the total number of applicants in the

2    United States in the last five years, but anticipates this number will far exceed 100 individuals.  (*See*

3    Perry Decl., ¶ 7.)

4         5.    Because Plaintiff's proposed classes significantly exceed one hundred (100)

5    members, CAFA's numerosity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).

6    **C.  Plaintiff Is a Citizen of California and Defendant Is a Citizen of Texas.**

7         1.    CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a

8    citizen of a state different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

9         2.    For diversity purposes, an individual is a "citizen" of the state in which he or

10   she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).   A

11   party's residence can be prima facie evidence of domicile.  *See Lew v. Moss*, 797 F.2d 747,751 (9th

12   Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting

13   diversity of citizenship).   Per Plaintiff's FAC, Plaintiff resides in California.   (*See* FAC ¶ 8.)

14   Additionally, Defendant's employment records reflect that Plaintiff informed Defendant that her

15   home address was in Vacaville, California.  (*See* Perry Decl., ¶ 4.)  Therefore, Defendant asserts

16   Plaintiff is a citizen of California for purposes of removal jurisdiction.

17        3.    For diversity purposes, a corporation is deemed to be a "citizen" of the state in

18   which it has been incorporated and the state where it has its principal place of business.  *United*

19   *Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

20        4.    Defendant is a corporation formed under the laws of Texas.  It maintains its

21   headquarters and principal executive offices in Houston, Texas.  (*See* Perry Decl., ¶¶ 2-3.)

22        5.    For these reasons, the requirements for diversity jurisdiction are met because

23   Plaintiff and Defendant are citizens of different states.

24   **D.  More Than $5,000,000 Is In Controversy.**

25        1.    CAFA requires the "matter in controversy" to exceed "the sum or value of

26   $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual

27   class members "shall be aggregated" to determine whether the matter in controversy exceeds this

28   amount.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL
COURT

9.

2.    Plaintiff has not alleged a specific amount in controversy in her FAC.  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met."  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006).  That is, the defendant need only provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds CAFA's $5 million requirement.  *See Guglielmino*, 506 F. 3d at 699; *accord, Rodriguez v. AT & T Mobility Serv. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

3.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).  *See also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by plaintiff's complaint).  The estimate of the amount in controversy should not be based on the "low end of an open-ended claim," but rather on a "reasonable reading of the value of the rights being litigated."  *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

4.    Further, as one district court held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, at *19-20 (E.D. Cal. 2014) (citations omitted) (denying remand motion).  That court noted that "[w]hen a '(d)efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '(d)efendant has established by a preponderance of the evidence that the amount in controversy is met.'"  *Id.* at *20, quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted).  Importantly, Defendants need not provide summary judgment-type evidence.  *Cagle*, 2014 U.S. Dist. LEXIS 21571, at *21.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT                10.

5.      While Defendant denies Plaintiff's claims of wrongdoing and her request for relief, the facial allegations in Plaintiff's FAC, particularly Plaintiff's addition of a cause of action under PAGA, when viewed in the light most favorable to Plaintiff, exceeds the $5 million jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). In fact, the total amount of civil penalties and attorneys' fees at issue in Plaintiff's eleventh cause of action under PAGA suffices to meet the jurisdictional minimum. Where the parties are diverse, as they are here, civil penalties under PAGA can be aggregated as class claims to meet the amount-in-controversy requirement for CAFA jurisdiction. *See Stafford v. Brinks Inc.*, 2014 WL 10320456, at *1 (C.D. Cal. 2014); *Chavez v. Time Warner Cable LLC*, 2016 WL 1588096, at *3 (C.D. Cal. 2016).

6.      Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks civil penalties for Defendant's alleged violations of California Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198. (Exhibit G, FAC ¶ 193.) Defendant's records indicate that it employed more than 1,267 non-exempt, hourly employees in California during the PAGA Period who worked 21,449 bi-weekly pay periods during the PAGA Period. (*See* Perry Decl., ¶ 5.) The number of pay periods described above does not include pay periods for which an employee settled and released his or her claims against Defendant. (*See* Perry Decl., ¶ 5.)

| Alleged Violation | Total Amount in Controversy Calculated for Alleged Violations under PAGA |
|---|---|
| Violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198, and 2802 (Exhibit G, FAC, ¶ 193A) *21,449 pay periods x $100 penalty first pay period, $200 each additional pay period* | $4,163,100 |
| Violations of Labor Code section 204 (Exhibit G, FAC, ¶ 193C) *21,449 pay periods x $100 penalty first pay period, $200 each additional pay period* | $4,163,100 |
| Violations of Labor Code section 223 (Exhibit G, FAC, ¶ 193D) *21,449 pay periods x $100 penalty first pay period, $200 each additional pay period* | $4,163,100 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

| | |
|---|---|
| Violations of Labor Code section 226(a) (Exhibit G, FAC, ¶ 193E) *21,449 pay periods x $250 penalty per pay period* | $ 5,362,250 |
| Violations of Labor Code sections 510 and 512 (Exhibit G, FAC, ¶ 193F) *21,449 pay periods x $50 penalty first pay period, $100 each additional pay period* | $2,081,550 |
| Violations of Labor Code section 1197 (Exhibit G, FAC, ¶ 193G) *21,449 pay periods x $100 penalty first pay period, $250 each additional pay period* | $5,235,550 |
| Reasonable Attorneys' fees (25% of the above-listed violations) | $6,292,162 |
| **TOTAL:** | $ 31,460,812 |

7.      These calculations of potential damages are solely based on Plaintiff's claims for civil penalties under the eleventh cause of action for PAGA penalties added to the FAC.  Plaintiff also has asserted claims against Defendant for alleged failure to provide meal periods, failure to provide rest periods, failure to pay hourly and overtime wages, failure to provide accurate wage statements, waiting time penalties, and alleged willful violations of the FCRA and two similar California statutes, the Investigative Consumer Reporting Agencies Act and the Consumer Credit Reporting Agencies Act.  (*See* Exhibit G, FAC ¶¶ 3-4.)  On her FCRA claim, she seeks to certify a nationwide class of all current, former, and prospective applicants for employment for which a background check was performed.  (*See* Exhibit G, FAC ¶ 14.)  These claims would significantly increase potential exposure.

8.      Accordingly, although Defendant denies Plaintiff's claims of wrongdoing, based on the foregoing, Plaintiff's claims for penalties, damages, attorneys' fees, and other monetary relief conservatively exceed the jurisdictional minimum under CAFA.

9.      By filing the Notice of Removal, Defendant does not waive any objections they may have as to service, jurisdiction, venue, or any other defenses available at law, in equity or otherwise.  Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT                    12.

10.     As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court, and serving upon Plaintiff and her counsel of record, a Notice To State Court and Adverse Parties of Removal of Civil Action To Federal Court (after filing of these removal papers).

Dated:     August 30, 2018

*/s/ JoAnna L. Brooks*
ROD M. FLIEGEL
JOANNA L. BROOKS
MICHAEL W. NELSON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
LOOMIS ARMORED US, LLC

Firmwide:156619166.3 028378.1212

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

13.

EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/23/2018
CT Log Number 533202474

TO:     Edward Judd, VP Claims
        Loomis Armored US, Inc.
        2500 Citywest Blvd Ste 2300
        Houston, TX 77042-9000

RE:     **Process Served in California**

FOR:    Loomis Armored US, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alicia Rosales vs. Loomis Armored US, LLC |
| **DOCUMENT(S) SERVED:** | Letter |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Letter of Intent - Threatening Litigation - Violations of Labor Code Sections 256, 558 and 1199 - Letter constituting the required notice under the Private Attorney General Act of 2004 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/23/2018 postmarked on 04/17/2018 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>Setareh Law Group<br>9454 Wilshire Blvd.<br>Suite 907<br>Beverly Hills, CA 90212<br>310-808-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/24/2018, Expected Purge Date: 04/29/2018<br><br>Image SOP<br><br>Email Notification,  Edward Judd  ed.judd@us.loomis.com<br><br>Email Notification,  Thomas Hamilton  Thomas.Hamilton@US.Loomis.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>1350 Treat Blvd<br>Suite 350<br>Walnut Creek, CA 94597<br>925-287-3800 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SHAUN SETAREH
9454 WILSHIRE BLVD., SUITE 907
BEVERLY HILLS, CA 90212

7018 0040 0000 8068 9177

$7.099
US POSTAGE
FIRST-CLASS
FROM 90212
APR 17 2018
stamps.com

Loomis Armored US, LLC
c/o CT Corporation System
1350 Treat Blvd. Suite 350
Walnut Creek CA 94597-2151



9454 WILSHIRE BLVD
SUITE 907
BEVERLY HILLS, CA 90212
TEL: (310) 888-7771
FAX: (310) 888-0109

WWW.SETAREHLAW.COM

April 16, 2018

**BY ONLINE SUBMISSION**

PAGA Administrator
California Labor and Workforce Development Agency
1515 Clay Street, Suite 801
Oakland, California 94612

**BY CERTIFIED MAIL**

Loomis Armored US, LLC
c/o CT Corporation System
1350 Treat Boulevard, Suite 350
Walnut Creek, California 94597

     *Re:   Alicia Rosales v. Loomis Armored US, LLC*

To Whom It May Concern:

Pursuant to the Labor Code Private Attorneys General Act of 2004 (Lab. Code §§ 2698, *et seq.*), Alicia Rosales ("Rosales") hereby provides notice on behalf of herself and on behalf of all similarly situated current and former employees in California (the "aggrieved employees") who were employed by Loomis Armored US, LLC and/or any staffing agencies and/or any other third parties (collectively referred to as "Defendants") who worked in hourly, non-exempt positions for alleged violations of Labor Code sections 201, 202, 203, 204, 223, 226, 226.7, 227.3, 510, 512, 558, 1194, 1197, 1197.1, 1198 and 1199.

Rosales is an individual who was employed by Defendants in an hourly, non-exempt position from approximately sometime in 2012 and was terminated on April 26, 2017. At all relevant times, Defendants employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Rosales and aggrieved employees are "employees" within the meaning of Section 2 of the applicable Industrial Welfare Commission Wage Order (the "Wage Order") and "aggrieved employees" within the meaning of Labor Code section 2699(c). At all relevant times, Rosales and aggrieved employees have been non-exempt employees entitled to the full protections of both the Labor Code and the Wage Order.



Loomis Armored US, LLC
April 16, 2018
Page 2 of 16

As set forth below, Defendant failed to comply with the Labor Code sections as described herein below. Accordingly, Rosales now seeks civil penalties for Defendant's alleged violations of the Labor Code.

## FAILURE TO PROVIDE MEAL PERIODS
### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

Labor Code section 204 provides that all wages (except as provided under Labor Code sections 201, 201.3, 202, 204.1 and 204.2) earned by any person in any employment become due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays, except that wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

Labor Code section 223 states:

> Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

Section 2 of the Wage Order states:

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

Labor Code section 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and that standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Labor Code section 512 states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Loomis Armored US, LLC
April 16, 2018
Page 3 of 16

Section 11 of the Wage Order states:

(A)    No employer shall employ any person for a work period of more than five (5)
hours without a meal period of not less than 30 minutes, except that when a work
period of not more than six (6) hours will complete the day's work the meal
period may be waived by mutual consent of the employer and the employee.
Unless the employee is relieved of all duty during a 30 minute meal period, the
meal period shall be considered an "on duty" meal period and counted as time
worked. An "on duty" meal period shall be permitted only when the nature of the
work prevents an employee from being relieved of all duty and when by written
agreement between the parties an on-the-job paid meal period is agreed to. The
written agreement shall state that the employee may, in writing, revoke the
agreement at any time.

(B)    If an employer fails to provide an employee a meal period in accordance with the
applicable provisions of this order, the employer shall pay the employee one (1)
hour of pay at the employee's regular rate of compensation for each workday that
the meal period is not provided.

In addition, Labor Code section 226.7 states:

(b) An employer shall not require an employee to work during a meal or rest or recovery
period mandated pursuant to an applicable statute, or applicable regulation, standard, or
order of the Industrial Welfare Commission, the Occupational Safety and Health
Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in
accordance with a state law, including, but not limited to, an applicable statute or
applicable regulation, standard, or order of the Industrial Welfare Commission, the
Occupational Safety and Health Standards Board, or the Division of Occupational Safety
and Health; the employer shall pay the employee one additional hour of pay at the
employee's regular rate of compensation for each workday that the meal or rest or
recovery period is not provided.

Defendants' written policies failed to advise Rosales and the aggrieved employees of their legal
rights to take meal periods in accordance with California law. Specifically, Defendants have a
policy of requiring Rosales and the aggrieved employees to work through their meal periods
and/or take meal periods that did not comply with California law. Rosales and the aggrieved
employees were not afforded an opportunity to take uninterrupted meal periods where they were
relieved of all duties at any time during their shift. Rosales and the aggrieved employees were
often required to eat while they were driving from one job site to another. Accordingly, Rosales

Loomis Armored US, LLC
April 16, 2018
Page 4 of 16

and the aggrieved employees were not provided with legally mandated uninterrupted meal periods of at least thirty minutes pursuant to California law.

In addition, Rosales and the aggrieved employees did not execute valid on-duty meal period waivers that complied with California law. Therefore, Rosales and the aggrieved employees were not provided with an uninterrupted, duty-free meal period of at least thirty minutes.

Defendants also failed to advise Rosales and the aggrieved employees of their legal right to take a second meal period when they worked shits of ten hours or more.

In addition, at time when Rosales and the aggrieved employees were not timely provided with a meal period, Defendants failed to pay them legally required premium wages. These failures result, in part, from policies and practices that lack adequate safeguards to ensure that employees are relieved of all duty for meal periods and are paid additional wages when meal periods are not provided.

Rosales and the aggrieved employees were not subject to valid on-duty meal period agreements with Defendants. California law requires that meal period waivers be documented in a written agreement that is voluntarily signed by both the employee and employer. The written agreement must state that the employee may, in writing, revoke the agreement at any time. (8 Cal. Code Regs. § 11040). Rosales and the aggrieved employees did not execute lawful meal period waivers in accordance with California law.

Accordingly, Rosales now seeks civil penalties for these Labor Code violations that Defendants have committed against her and aggrieved employees as follows:

(1)     For all initial violation of Labor Code section 204, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 210);

(2)     For all subsequent violation of Labor Code section 204, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 210);

(3)     For all initial violations of Labor Code section 223, that are deemed to be neither willful nor intentional, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 225.5);

(4)     For all initial violation of Labor Code section 223 that are deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

Loomis Armored US, LLC
April 16, 2018
Page 5 of 16

(5)   For all subsequent violations of Labor Code section 223, regardless of whether he initial violation of Labor Code section 223 is deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

(6)   For all initial violations of Labor Code sections 226.7 and 1198, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(7)   For all subsequent violations of Labor Code sections 226.7 and 1198, $200 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(8)   For all initial violations of Labor Code section 512, $50 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 558(a)(1));

(9)   For all subsequent violations of Labor Code section 512, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 558(a)(2)).

## FAILURE TO PROVIDE REST PERIODS
### (Lab. Code §§ 204, 223, 226.7 and 1198)

Labor Code section 204 provides that all wages (except as provided for under Labor Code sections 201 and 202) earned by any person in any employment become due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays, except that wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

Labor Code section 223 states:

Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

Section 2 of the applicable Wage Order states:

Loomis Armored US, LLC
April 16, 2018
Page 6 of 16

"'Hours worked' means the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

Labor Code section 1198 states:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Section 12 of the applicable Wage Order states:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

In addition, Labor Code section 226.7 states:

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Defendants' written policies failed to advise Rosales and the aggrieved employees of their legal right to take rest period in accordance with California law. Specifically, Defendants have a policy of requiring Rosales and the aggrieved employees to work through their rest periods

Loomis Armored US, LLC
April 16, 2018
Page 7 of 16

and/or take rest periods that did not comply with California law. Rosales and the aggrieved employees were not afforded an opportunity to take rest periods where they were relieved of all duties at any time during their shift. Rosales and the aggrieved employees were often required to eat while they were driving from one job site to another. Accordingly, Rosales and the aggrieved employees were not provided with legally mandated uninterrupted meal periods of at least thirty minutes pursuant to California law.

Accordingly, Rosales and the aggrieved employees were not provided with legally mandated rest periods of at least ten minutes for every four hours worked or major fraction thereof.

As a result of these policies and practices, Defendants failed to provide Rosales and the aggrieved employees with net rest periods of at least ten minutes for each four hour work period, or major fraction thereof, and have failed to pay them premium wages at their regular rates of pay on workdays they failed to provide them with required rest periods. Defendants' policies and practices lack adequate safeguards to ensure that employees are relieved of their duties for all required rest periods and are paid additional wages when rest periods are not provided.

Accordingly, Rosales now seeks civil penalties for these Labor Code violations that Defendants have committed against her and aggrieved employees as follows:

(1)    For all initial violation of Labor Code section 204, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 210);

(2)    For all subsequent violation of Labor Code section 204, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 210);

(3)    For all initial violations of Labor Code section 223, that are deemed to be neither willful nor intentional, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 225.5);

(4)    For all initial violation of Labor Code section 223 that are deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

(5)    For all subsequent violations of Labor Code section 223, regardless of whether he initial violation of Labor Code section 223 is deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

Loomis Armored US, LLC
April 16, 2018
Page 8 of 16

(6)    For all initial violations of Labor Code sections 226.7 and 1198, $100 for each
aggrieved employee per pay period for each violation (penalties set by Labor
Code section 2699(f)(2));

(7)    For all subsequent violations of Labor Code sections 226.7 and 1198, $200 for
each aggrieved employee per pay period for each violation (penalties set by Labor
Code section 2699(f)(2)).

## FAILURE TO PAY HOURLY AND OVERTIME WAGES
### (Lab. Code §§ 204, 223, 510, 1194, 1197 and 1198)

Labor Code section 204 provides that all wages (except as provided for under Labor Code
sections 201 and 202) earned by any person in any employment become due and payable twice
during each calendar month, on days designated in advance by the employer as the regular
paydays, except that wages earned for labor in excess of the normal work period shall be paid no
later than the payday for the next regular payroll period.

Labor Code section 223 states:

Where any statute or contract requires an employer to maintain the designated wage
scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage
designated by statute or by contract.

Section 2 of the applicable Wage Order states:

"Hours worked" means the time during which an employee is subject to the control of the
employer, and includes all the time the employee is suffered or permitted to work,
whether or not required to do so.

Section 4 of the applicable Wage Order states:

(A) Every employer shall pay to each employee wages not less than the following:

(1) Any employer who employs 26 or more employees shall pay to each
employee wages not less than the following:

(a) Ten dollars and fifty cents ($10.50) per hour for all hours worked,
effective January 1, 2017; and

(b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1,
2018;

Loomis Armored US, LLC
April 16, 2018
Page 9 of 16

(2) Any employer who employs 25 or fewer employees shall pay to each employee wages not less than the following:

(a) Ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016 through December 31, 2017; and

(b) Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2018.

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, place, commission, or otherwise.

Labor Code section 1194 states, in relevant part:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Labor Code section 1197 states, in relevant part:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Labor Code section 1198 states, in relevant part:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Section 3 of the applicable Wage Order states, in relevant part:

(A) Daily Overtime – General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by



Loomis Armored US, LLC
April 16, 2018
Page 10 of 16

law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

    (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess o eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

    (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

    (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary."

In conjunction, these provisions of the Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including hours spent working "off-the-clock" (before punching in or after punching out on a time clock) when the employer knows or reasonably should know that employees are working during those hours. *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 585 (2000).

### Off-the-Clock Work

During the applicable limitations period, Rosales and the aggrieved employees had to work off-the-clock because they were not paid for all hours worked including, but not limited to; Defendants failing to pay them for time spent waiting for a manager to let them out of the building at the end of the day. Rosales and the aggrieved employees were required to clock out but then had to wait for a manager to let them out as a group. Defendants failed to pay Rosales and the aggrieved employees for time spent working off the clock.

Accordingly, Rosales now seeks civil penalties for these Labor Code violations that Defendants have committed against her and aggrieved employees as follows:



(1)    For all initial violation of Labor Code section 204, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 210);

(2)    For all subsequent violation of Labor Code section 204, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 210);

(3)    For all initial violations of Labor Code section 223, that are deemed to be neither willful nor intentional, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 225.5);

(4)    For all initial violation of Labor Code section 223 that are deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

(5)    For all subsequent violations of Labor Code section 223, regardless of whether he initial violation of Labor Code section 223 is deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

(6)    For all initial violations of Labor Code section 510, $50 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 558(a)(1));

(7)    For all subsequent violations of Labor Code section 510, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 558(a)(2));

(8)    For all initial violations of Labor Code sections 1194 and 1198, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(9)    For all subsequent violations of Labor Code sections 1194 and 1198, $200 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(10)    For all initial violations of Labor Code section 1197 deemed to be intentional, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 1197.1(a)(1));



Loomis Armored US, LLC
April 16, 2018
Page 12 of 16

(11)   For all subsequent violations of Labor Code section 1197, regardless of whether the initial violation is deemed to be intentional, $250 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 1197.1(a)(2)).

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS
### (Lab. Code § 226)

Labor Code section 226(a) states, in pertinent part:

(a)   An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

At all relevant time during the applicable limitations period, Defendants failed to provide accurate itemized wage statements that shows:

(1) gross wages earned;



Loomis Armored US, LLC
April 16, 2018
Page 13 of 16

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5) net wages earned;

(6) the inclusive dates of the period for which the employee is paid;

(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer;

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

By failing to accurately record all hours worked, including "off-the-clock" work described above, by failing to pay employees meal and rest period premiums in accordance with California law, by subjecting vested vacation pay to unlawful forfeiture, and by failing to reimburse employees for all necessary business expenses, Defendants have failed to provide Rosales and the aggrieved employees with written wage statements that comply with the requirements of Labor Code section 226(a). The wage statements of Rosales and the aggrieved employees have not accurately reflected their applicable rates of pay, hours worked, and the amounts of their gross and net wages.

Accordingly, Rosales now seeks civil penalties for Defendants' violations of the Labor Code as follows:

(1) For all violations of Labor Code section 226(a) if a civil action filed in accordance with the procedures set forth in Labor Code section 2699.3 results in an initial citation or its equivalent, $250 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 226.3);



Loomis Armored US, LLC
April 16, 2018
Page 14 of 16

(2)    For all violations of Labor Code section 226(a) if a civil action filed in accordance with the procedures set forth in Labor Code section 2699.3 results in a subsequent citation or its equivalent, $1000 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 226.3). ·

## LATE OR PARTIAL PAYMENT OF FINAL WAGES FOLLOWING SEPARATION
### (Lab. Code §§ 201, 202 and 203)

Labor Code section 201 requires an employer to pay all earned and unpaid wages to a discharged employee immediately at the time of discharge.

Labor Code section 202 requires an employer to pay all earned and unpaid wages to an employee who quits after giving at least seventy-two hours notice at the time of quitting.

Labor Code section 202 requires an employer to pay all earned and unpaid wages to an employee who quits after giving less than seventy-two hours noticed within seventy-two hours of giving notice of quitting.

Labor Code section 203 provides that an employee's wages shall continue as a penalty from when they first became due at the same rate until paid for up to thirty days when an employer willfully fails to timely pay all earned and unpaid wages in accordance with Labor Code sections 201 or 202.

By failing to timely furnish Rosales and the aggrieved employees with any final paycheck and/or with final paychecks that include all earned and unpaid wages, including, but not limited to, all earned and unpaid hourly, overtime, vacation and/or premium wages, Defendants have violated Labor Code sections 201 and/or 202.

Accordingly, Rosales now seeks civil penalties for Defendants' violations of the Labor Code as follows:

(1)    For all initial violations of Labor Code sections 201, 202 and 203, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(2)    For all subsequent violations of Labor Code sections 201, 202 and 203, $200 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2)).



Loomis Armored US, LLC
April 16, 2018
Page 15 of 16

### VIOLATIONS OF LABOR CODE SECTION 256

Rosales is an individual who was employed by Defendants in a non-exempt, hourly position within the past year. At all relevant times, Defendants employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Pursuant to Labor Code section 256, the Labor Commissioner shall impose a civil penalty in an amount not exceeding thirty days pay as waiting time under the terms of Section 203. Defendants willfully failed to timely furnish Rosales and aggrieved employees with any final paycheck timely and/or with final paychecks that include all earned and unpaid wages, including, but not limited to, all earned and unpaid hourly, overtime, vacation, and/or premium wages.

Accordingly, Rosales now seeks to recover the wages and penalties provided in Labor Code section 256 on behalf of herself and the aggrieved employees.

### VIOLATIONS OF LABOR CODE SCTION 558

Rosales is an individual who was employed by Defendants in a non-exempt, hourly position within the past year. At all relevant times, Defendants employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Pursuant to Labor Code section 558, any person acting on behalf of an employer who violates or causes to be violated a provision of the Labor Code regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to civil penalties and be ordered to pay all unpaid wages. Defendants failed to provide Rosales and the aggrieved employees meal and/or rest periods, minimum and overtime wages, and other Labor Code violations.

Accordingly, Rosales now seeks to recover the wages and penalties provided in Labor Code section 558 on behalf of herself and the aggrieved employees.

### VIOLATIONS OF LABOR CODE SECTION 1199

Labor Code section 1199 states:

> Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:

>> (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.

Loomis Armored US, LLC
April 16, 2018
Page 16 of 16

    (b) Pays or causes to be paid to any employee a wage less than the minimum
        fixed by an order of the commission.

    (c) Violates or refuses or neglects to comply with any provision of this chapter or
        any order or ruling of the commission.

By failing to timely furnish Rosales and aggrieved employees with unpaid wages, including, but
not limited to, all earned and unpaid hourly, overtime, vacation and/or premium wages at the
regular rate of pay, Defendants criminal conduct has violated Labor Code section 1199.

Accordingly, for all violations of Labor Code section 1199, Defendants are liable for a
misdemeanor and are punishable by a fine of $100 or by imprisonment for not less than thirty
days or by both.

## CONCLUSION

As noted above, this letter constitutes the required notice under the Private Attorneys General
Act of 2004 (Lab. Code §§ 2698 *et seq*.). Insofar as this letter is directed to Defendants, please
be advised that Rosales will seek both reasonable attorneys' fees and costs under Labor Code
section 2699(g)(1) in a civil action should the Labor and Workforce Development Agency
decline to pursue this matter.

Very truly yours,

SETAREH LAW GROUP

Shaun Setareh, Esq.

EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOOMIS ARMORED US, LLC, a Texas corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALICIA ROSALES, on behalf of herself, all others similarly situated,

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
4/19/2018 11:34 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV326826
Reviewed By: G. Reyes
Envelope: 1429264

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: Downtown Superior Court<br>191 North First Street<br>San Jose, California 95113 | **CASE NUMBER:**<br>*(Número del Caso)*:<br>**18CV326826** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>*(Fecha)* 4/19/2018 11:34 AM    Clerk of Court | Clerk, by<br>*(Secretario)*  G. Reyes | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

E-FILED
4/19/2018 11:34 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV326826
Reviewed By: G. Reyes

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  William M. Pao (SBN 219846)
     william@setarehlaw.com
4  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   ALICIA ROSALES
8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF SANTA CLARA

11              UNLIMITED JURISDICTION

12

| | |
|---|---|
| 13  ALICIA ROSALES, on behalf of herself, all others similarly situated, | Case No. 18CV326826 |
| 14          *Plaintiff,* | **CLASS ACTION** |
| 15    vs. | **COMPLAINT** |
| 16  LOOMIS ARMORED US, LLC, a Texas corporation; and DOES 1 through 50, inclusive, | 1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); |
| 17 | 2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); |
| 18          *Defendants.* | 3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act); |
| 19 | 4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act); |
| 20 | 5. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); |
| 21 | 6. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); |
| 22 | 7. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); |
| 23 | 8. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); |
| 24 | 9. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); |
| 25 | 10. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); |
| 26 | |
| 27 | **JURY TRIAL DEMANDED** |
| 28 | |

COMES NOW, Plaintiff ALICIA ROSALES ("Plaintiff"), on behalf of herself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendant LOOMIS ARMORED US, LLC; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.*); and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

4.      Plaintiff also brings this class action against Defendants for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

(1)      failed to provide her and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)      failed to pay them at least minimum wage for all hours worked;

(6)      failed to pay them overtime wages at the correct rate;

     (7)     failed to pay them double time wages at the correct rate;

     (8)     failed to provide them with accurate written wage statements; and

     (9)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated.

## JURISDICTON AND VENUE

5.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

6.     Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

7.     Venue is proper in Santa Clara County because Defendants' principal place of business is in Texas, is incorporated under the laws of Texas, does business in Santa Clara County, and has not registered a California place of business with the California Secretary of State.  As such, venue is proper in any county in California.

## PARTIES

8.     Plaintiff ALICIA ROSALES is, and at all relevant times mentioned herein, an individual residing in the State of California.

9.     Plaintiff is informed and believes, and thereupon alleges that Defendant LOOMIS ARMORED US, LLC is, and at all relevant times mentioned herein, a Texas corporation doing business in the State of California.

10.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

1  fictitiously named defendants are responsible in some manner for the occurrences, acts and

2  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

3  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

4  capacities of the DOE defendants when ascertained.

5        11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

6  mentioned herein, some or all of the defendants were the representatives, agents, employees,

7  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

8  other defendants, and in doing the things alleged herein, were acting within the course and scope of

9  such relationship and with the full knowledge, consent and ratification by such other defendants.

10        12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

11  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

12  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

13  acts and omissions alleged herein.

14                          **CLASS ALLEGATIONS**

15        13.    This action has been brought and may be maintained as a class action pursuant to

16  Code of Civil Procedure section 382 because there is a well-defined community of interest among

17  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

18  unaware of any difficulties likely to be encountered in managing this case as a class action.

19        14.    **Relevant Time Period**:  The relevant time period is defined as the time period

20  beginning four years prior to the filing of this action until judgment is entered.

21        **FCRA Class:**  All of Defendants' current, former and prospective applicants for
    employment in the United States who applied for a job with Defendants at any time during
22     the period for which a background check was performed beginning five years prior to the
    filing of this action and ending on the date that final judgment is entered in this action.

23
    **ICRAA Class:**  All of Defendants' current, former and prospective applicants for
24     employment in California, at any time during the period beginning five years prior to the
    filing of this action and ending on the date that final judgment is entered into this action.

25
    **CCRAA Class:**  All of Defendants' current, former and prospective applicants for
26     employment in California, at any time during the period beginning seven years prior to the
    filing of this action and ending on the date that final judgment is entered in this action.

27
    **Hourly Employee Class:**  All persons employed by Defendants and/or any staffing agencies
28     and/or any other third parties in hourly or non-exempt positions in California during the

**Relevant Time Period**.

      **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

      **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

      **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

      **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

    **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

15.    **Excluded Claims**:  Plaintiff excludes claims that were resolved in prior settlements for the period released by each individual.

16.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

17.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

18.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

    B.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

    C.    Whether Defendants willfully failed to identify the name, address, telephone

1   number, and/or website of the investigative consumer reporting agency

2   conducting the investigation;

3   D.   Whether Defendants willfully failed to identify the source of the credit report

4   to be performed;

5   E.   Whether Defendants willfully failed to comply with the FCRA, ICRAA

6   and/or the CCRAA;

7   F.   Whether Defendants maintained a policy or practice of failing to provide

8   employees with their meal periods;

9   G.   Whether Defendants maintained a policy or practice of failing to provide

10   employees with their rest periods;

11   H.   Whether Defendants failed to pay premium wages to class members when

12   they have not been provided with required meal and/or rest periods;

13   I.   Whether Defendants failed to pay minimum and/or overtime wages to class

14   members as a result of policies that fail to provide meal periods in accordance

15   with California law;

16   J.   Whether Defendants failed to pay minimum and/or overtime wages to class

17   members for all time worked;

18   K.   Whether Defendants failed to reimburse class members for all necessary

19   business expenses incurred during the discharge of their duties;

20   L.   Whether Defendants failed to provide class members with accurate written

21   wage statements as a result of providing them with written wage statements

22   with inaccurate entries for, among other things, amounts of gross and net

23   wages, and total hours worked;

24   M.   Whether Defendants applied policies or practices that result in late and/or

25   incomplete final wage payments;

26   N.   Whether Defendants are liable to class members for waiting time penalties

27   under Labor Code section 203;

28   O.   Whether class members are entitled to restitution of money or property that

1    Defendants may have acquired from them through unfair competition;

2    19.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

3  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

4  failing to comply with the Labor Code and Business and Professions Code as alleged in this

5  Complaint.

6    20.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

7  that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

8  members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

9  and adequately represent and protect the interests of the other class members.

10    21.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

11  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

12  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

13  behalf of Plaintiff and absent class members.

14    22.    **Superiority:**  A class action is vastly superior to other available means for fair and

15  efficient adjudication of the class members' claims and would be beneficial to the parties and the

16  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

17  and efficiently prosecute their common claims in a single forum without the unnecessary

18  duplication of effort and expense that numerous individual actions would entail.  In addition, the

19  monetary amounts due to many individual class members are likely to be relatively small and would

20  thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

21  Moreover, a class action will serve an important public interest by permitting class members to

22  effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

23  potential for inconsistent or contradictory judgments inherent in individual litigation.

24    **GENERAL ALLEGATIONS**

25    23.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

26  approximately 2012 and was eventually terminated on April 26, 2017.

27    **Background Check**

28    24.    Defendants performed a background investigation on Plaintiff as Defendants did not

6

provide legally compliant disclosure and authorization forms to Plaintiff and the putative class as they contained extraneous and superfluous language.

25.    The Disclosure and Authorization form was part of a seven page employment application that does not contain solely of the disclosure.

### Off-the-Clock Work

26.    Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

27.    Plaintiff and the putative class regularly started work before their scheduled work hours and were not paid for this time. Plaintiff and the putative class were instructed by their managers to let other employees out of the building at the end of the day. This is because the buildings are locked down and so employees would have to wait until someone let them out, usually as a group. Accordingly, many employees were required to wait after they had already clocked out for their shifts before they were allowed to leave the building. In addition, Plaintiff was also asked on multiple occasions to escort the employees out of the building. As a result, Plaintiff and the putative were not paid for all the time spent waiting while they were under the direct and control of Defendants..

28.    As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent working off-the-clock.

29.    Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the putative class for these hours.

30.    Defendants were aware of this practice and directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

31.    As a result of Defendants' policies and practices, Plaintiff and the putative class were

1    not paid for all hours worked.

2    **Missed Meal Periods**

3    32.    Plaintiff and the putative class members were not provided with meal periods of at

4    least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

5    scheduling each meal period as part of each work shift; (2) chronically understaffing each work

6    shift with not enough workers; (3) imposing so much work on each employee such that it made it

7    unlikely that an employee would be able to take their breaks if they wanted to finish their work on

8    time; and (4) no formal written meal and rest period policy that encouraged employees to take their

9    meal and rest periods.

10    33.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

11    provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

12    worked due to complying with Defendants' productivity requirements that required Plaintiff and

13    the putative class to work through their meal periods in order to complete their assignments on

14    time.

15    **Missed Rest Periods**

16    34.    Plaintiff and the putative class members were not provided with rest periods of at

17    least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

18    Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

19    understaffing each work shift with not enough workers; (3) imposing so much work on each

20    employee such that it made it unlikely that an employee would be able to take their breaks if they

21    wanted to finish their work on time; and (4) no formal written meal and rest period policy that

22    encouraged employees to take their meal and rest periods.

23    35.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

24    provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

25    due to complying with Defendants' productivity requirements that required Plaintiff and the

26    putative class to work through their rest periods in order to complete their assignments on time.

27    **Wage Statements**

28    36.    Plaintiff and the putative class were not provided with accurate wage statements as

8

1   mandated by law pursuant to Labor Code section 226.

2        37.   Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

3   earned" were not accurately reflected in that:

4              • All hours worked, including minimum wage and overtime were not included;

5              • Any and all meal and rest period premium wages were not included.

6        38.   Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

7   worked by the employee" were not accurately reflected in that:

8              • All hours worked, including overtime, were not included.

9        39.   Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

10   earned" were not accurately reflected in that: all hours worked, including overtime, were not

11   included:

12              • All hours worked, including minimum wage and overtime were not included.

13              • Any and all meal and rest period premiums were not included.

14        18.   Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

15   hourly rates in effect during the pay period and the corresponding number of hours worked at each

16   hourly rate by the employee" were not accurately reflected in that: all hours worked, including

17   overtime, were not included.

18                      **FIRST CAUSE OF ACTION**

19   **FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

20                   **(15 U.S.C. §§ 1681b(b)(2)(A))**

21             **(Plaintiff and FCRA Class Against All Defendants)**

22        40.   Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

23   herein.

24        41.   Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

25        42.   Plaintiff and class members are "consumers" within the meaning of Section 1681a(c)

26   of the FCRA because they are "individuals."

27        43.   Section 1681a(d)(1) of the FCRA defines "consumer report" as:

28            "The term "consumer report" means any written, oral, or other communication of

any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

44.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

45.    Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

(i)    A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)    The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.
(Emphasis added.)

46.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

47.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

48.    Plaintiff alleges, upon information and belief, that in evaluating her and other class

1   members for employment, Defendants procured or caused to be procured credit and background

2   reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section

3   1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

4       49.    The purported disclosures do not meet the requirements under the law because they

5   are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-

6   alone documents.

7       50.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

8   report or investigative consumer report for employment purposes unless the disclosure is made in a

9   document that consists solely of the disclosure and the consumer has authorized, in writing, the

10  procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).)  The inclusion of a release and

11  other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

12      51.    Although the disclosure and authorization may be combined in a single document,

13  the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

14  information or be part of another document.  For example, in response to an inquiry as to whether

15  the disclosure may be set forth within an application for employment or whether it must be included

16  in a separate document, the FTC stated:

17          "The disclosure may not be part of an employment application because the language
            [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears
18          conspicuously in a document not encumbered by any other information.  The reason
            for requiring that the disclosure be in a stand-alone document is to prevent
19          consumers from being distracted by other information side-by-side within the
            disclosure."
20

21      52.    The plain language of the statute also clearly indicates that the inclusion of a liability

22  release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

23  because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned

24  that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion

25  letter, the FTC stated:

26          "[W]e note that your draft disclosure includes a waiver by the consumer of his or her
            rights under the FCRA.  The inclusion of such a waiver in a disclosure form will
27          violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist
            'solely' of the disclosure that a consumer report may be obtained for employment
28          purposes."

53.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

54.    By including a release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and 1681d(a).

55.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

    A.    Defendants are a large corporation with access to legal advice;

    B.    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

    C.    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

    D.    The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

56.    Defendants required a liability release in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

57.    Based upon the facts likely to have evidentiary support after a reasonable

1  opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy

2  and practice of procuring investigative consumer reports or causing investigative consumer reports

3  to be procured for applicants and employees without informing them of their right to request a

4  summary of their rights under the FCRA at the same time as the disclosure explaining that an

5  investigative consumer report may be made.  Pursuant to that policy and practice, Defendants

6  procured investigative consumer reports or caused investigative consumer reports to be procured for

7  Plaintiff and class members, as described above, without informing class members of their rights to

8  request a written summary of their rights under the FCRA.

9       58.    Accordingly, Defendants willfully violated and continue to violate the FCRA,

10  including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is

11  reflected by, among other things, the facts set forth above.

12       59.    As a result of Defendants' unlawful procurement of credit and background reports by

13  way of their inadequate disclosures, as set forth above, Plaintiff and class members have been

14  injured, including but not limited to, having their privacy and statutory rights invaded in violation of

15  the FCRA.

16       60.    Plaintiff, on behalf of herself and all class members, seek all available remedies

17  pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive

18  damages, injunctive and equitable relief and attorneys' fees and costs.

19       61.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

20  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

21  section 1681o, including statutory damages and attorneys' fees and costs.

22                    **SECOND CAUSE OF ACTION**

23  **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

24                    **(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

25              **(Plaintiff and FCRA Class Against All Defendants)**

26       62.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

27  herein.

28       63.    Section 1681d(a) states:

(a) Disclosure of fact of preparation
A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

> (1) it is ***clearly and accurately disclosed to the consumer*** that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

>> (A) is ***made in a writing mailed, or otherwise delivered, to the consumer***, not later than three days after the date on which the report was first requested, and

>> (B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section and ***the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title;

> (Emphasis added.)

64.    Section 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by her of the disclosure required by subsection (a)(1), make a ***complete and accurate disclosure of the nature and scope of the investigation requested***. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.
(Emphasis added.)

65.    As previously alleged, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written requirement.

66.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1), Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

67.    Section 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1) Commission
Summary of rights required

14

(A) In general
The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary
The summary of rights prepared under subparagraph (A) shall include a description of--

   (i)  the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

   (ii)  the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;

   (iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;

   (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

   (v)  the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

   (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

68.    Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

69.    Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

70.    Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

71.    Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

72.    Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer

1  reporting agency without charge.

2      73.    Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state

3  the method by which a consumer can contact, and obtain a consumer report from, a consumer

4  reporting agency described in section 1681a(w) of this title, as provided in the regulations of the

5  Bureau prescribed under section 1681j(a)(1)(C) of this title.

6                      **THIRD CAUSE OF ACTION**

7  **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA**

8                    **(Cal. Civ. Code §§ 1786 *et seq.*)**

9            **(Plaintiff and ICRAA Class Against All Defendants)**

10     74.    Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged

11  herein.

12     75.    Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

13     76.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning of section

14  1786.2(b) of the ICRAA because they are "individuals."

15     77.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

16          "The term investigative consumer report means a consumer report in which
           information on a consumer's character, general reputation, personal characteristics,

17          or mode of living is obtained through any means."

18     78.    Accordingly, a background check qualifies as an investigative consumer report under

19  the ICRAA.

20     79.    Section 1786.16(a)(2) of the ICRAA provides:

21          (2)  If, at any time, an investigative consumer report is sought for employment
               purposes other than suspicion of wrongdoing or misconduct by the subject of the

22             investigation, the person seeking the investigative consumer report may procure
               the report, or cause the report to be made, only if all of the following apply:

23
24          (A)  The person procuring or causing the report to be made has a permissible
                purpose, as defined in Section 1786.12.

25          (B)  The person procuring or causing the report to be made provides a *clear and
                conspicuous* disclosure in writing to the consumer at any time before the

26             report is procured or caused to be made *in a document that consists solely of
               the disclosure*, that:

27
28             (i)  An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall be operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

80.     As previously alleged, because Defendants' disclosures do not meet the requirements of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

81.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks) as described by Civil Code section 1786.2(c).

82.     Because the purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

83.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

84.     The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA

17

1    because such a form would not consist "solely" of the disclosure.

2        85.    By including the Release and other extraneous information, Defendants willfully

3    violated section 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous

4    provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section

5    1786.16(a)(2)(B).

6        86.    Based upon facts that are likely to have evidentiary support after a reasonable

7    opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

8    practice of failing to provide adequate written disclosure to applicants and employees, before

9    procuring background checks or causing background checks to be procured, as described above.

10   Pursuant to that policy and practice, Defendants procured background checks or caused background

11   checks to be procured for Plaintiff and class members without first providing a written disclosure in

12   compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

13       87.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and

14   is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their

15   obligations and the rights of applicants and employees, including Plaintiff and class members.

16   Defendants' willful conduct is reflected by, among other things, the following facts:

17           (a) Defendants are large corporations with access to legal advice;

18           (b) Defendants required a purported authorization to perform credit and background

19               checks in the process of employing the class members which, although defective,

20               evidences Defendants' awareness of and willful failure to follow the governing

21               laws concerning such authorizations; and

22           (c) The plain language of the statute unambiguously indicates that inclusion of a

23               liability release and other extraneous information in a disclosure form violates

24               the disclosure and authorization requirements, and that the disclosure form must

25               contain the name, address, phone number, and/or website address of the

26               investigative consumer reporting agency conducting the investigation.

27       88.    As a result of Defendants' illegal procurement of background reports by way of their

28   inadequate disclosures, as set forth above, Plaintiff and class members have been injured including,

1   but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

2       89.     Plaintiff, on behalf of herself and all class members, seeks all available remedies

3   pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages,

4   punitive damages, and attorneys' fees and costs.

5       90.     In the alternative to Plaintiff's allegation that these violations were willful or grossly

6   negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if

7   any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

8   ## FOURTH CAUSE OF ACTION

9   **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA**

10  **(Cal. Civ. Code §§ 1785 *et seq.*)**

11  **(Plaintiff and CCRAA Class Against All Defendants)**

12      91.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

13      92.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

14  Reporting Agencies Act ("CCRAA").

15      93.     Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section

16  1785.3(b) of the CCRAA, because they are "natural individuals."

17      94.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

18          any written, oral, or other communication of any information by a consumer credit
            reporting agency bearing on a consumer's credit worthiness, credit standing, or credit
19          capacity, which is used or is expected to be used, or collected in whole or in part, for
            the purpose of serving as a factor in establishing the consumer's eligibility for: …(2)
20          employment purposes…

21  Thus, a credit report qualifies as a consumer credit report under the CCRAA.

22      95.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

23          Prior to requesting a consumer credit report for employment purposes, the user of the
            report shall provide written notice to the person involved. The notice shall inform the
24          person that a report will be used, and ***shall identify the specific basis under subdivision
            (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also***
25          ***inform the person of the source of the report***…

26          (Emphasis added.)

27      96.     As described above, Plaintiff alleges that in evaluating her and other class

28  members for employment, Defendants procured or caused to be prepared consumer credit reports

1    (e.g. credit reports), as defined by Section 1785.3(c).

2       97.    The disclosure provided by Defendants does not identify the specific basis under

3    subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report.  This omission

4    clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

5       98.    Based upon facts that are likely to have evidentiary support after a reasonable

6    opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

7    practice of failing to provide adequate written disclosures to applicants and employees, before

8    procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to

9    that policy and practice, Defendants procured credit reports or caused credit reports to be procured

10   for Plaintiff and class members without first providing a written notice in compliance with Section

11   1785.20.5(a) of the CCRAA, as described above.

12      99.    Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is

13   willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

14   obligations and the rights of applicants and employees, including Plaintiff and class members.

15   Defendants' willful conduct is reflected by, among other things, the following facts:

16          (a)    Defendants are large corporations with access to legal advice;

17          (b)    Defendants required a purported authorization to perform credit checks in the

18                 process of employing the class members which, although defective,

19                 evidences Defendants' awareness of and willful failure to follow the

20                 governing laws concerning such authorizations; and

21          (c)    The plain language of the statute unambiguously indicates that failure to

22                 include the provisions identified above violates the CCRAA's notice

23                 requirements, and that the notice must identify the specific basis under

24                 subdivision (a) of Section 1024.5 of the Labor Code for use of the credit

25                 report and must identify the source of any credit report.

26      100.   As a result of Defendants' illegal procurement of credit reports by way of their

27   inadequate notice, as set forth above, Plaintiff and class members have been injured including, but

28   not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

101.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

102.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

103.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

104.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

105.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

106.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

107.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

108.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

1    violate the applicable Wage Order.

2    109.    Section 11 of the applicable Wage Order states:

3    "No employer shall employ any person for a work period of more than five (5) hours
     without a meal period of not less than 30 minutes, except that when a work period of
4    not more than six (6) hours will complete the day's work the meal period may be
     waived by mutual consent of the employer and employee. Unless the employee is
5    relieved of all duty during a 30 minute meal period, the meal period shall be
     considered an 'on duty' meal period and counted as time worked. An 'on duty' meal
6    period shall be permitted only when the nature of the work prevents an employee
     from being relieved of all duty and when by written agreement between the parties
7    an on-the-job paid meal period is agreed to. The written agreement shall state that
     the employee may, in writing, revoke the agreement at any time."

8

9    110.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

10   agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

11   members were not subject to valid on-duty meal period agreements with Defendants.

12   111.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

13   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

14   **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

15   each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

16   Order.

17   112.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

18   Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

19   **Class** members when they worked five (5) hours without clocking out for any meal period.

20   113.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

21   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

22   **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

23   failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

24   114.    Moreover, Defendants written policies do not provide that employees must take their

25   first meal period before the end of the fifth hour of work, that they are entitled to a second meal

26   period if they work a shift of over ten hours, or that the second meal period must commence before

27   the end of the tenth hour of work, unless waived.

28   115.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

22

1 | **Class** members additional premium wages, and/or were not paid premium wages at the employees'

2 | regular rates of pay when required meal periods were not provided.

3 | 116.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

4 | and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

5 | and costs of suit.

6 | 117.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

7 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

8 | **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

13 | 118.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

14 | herein.

15 | 119.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

16 | non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

17 | Code and the applicable Wage Order.

18 | 120.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

19 | employers to permit and authorize employees to take required rest periods at a rate of no less than

20 | ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

21 | in the middle of each work period insofar as practicable.

22 | 121.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

23 | employers from requiring employees to work during required rest periods and require employers to

24 | pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

25 | each workday that the employee is not provided with the required rest period(s).

26 | 122.    Compensation for missed rest periods constitutes wages within the meaning of Labor

27 | Code section 200.

28 | 123.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

23

CLASS ACTION COMPLAINT

1 | violate the Wage Order.

2 |     124.   Plaintiff alleges that, at all relevant times during the applicable limitations period,

3 | Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

4 | with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

5 | as required by the applicable Wage Order.

6 |     125.   At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

7 | **Class** members additional premium wages when required rest periods were not provided.

8 |     126.   Specifically, Defendants written policies do not provide that employees may take a

9 | rest period for each four hours worked, or major fraction thereof, and that rest periods should be

10 | taken in the middle of each work period insofar as practicable.

11 |     127.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

12 | and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

13 | costs of suit.

14 |     128.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

15 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

16 | **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

17 | **SEVENTH CAUSE OF ACTION**

18 | **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

19 | **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

20 | **(Plaintiff and Hourly Employee Class)**

21 |     129.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

22 | herein.

23 |     130.   At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

24 | been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

25 | applicable Wage Order.

26 |     131.   Section 2 of the applicable Wage Order defines "hours worked" as "the time during

27 | which an employee is subject to the control of the employer, and includes all the time the employee

28 | is suffered or permitted to work, whether or not required to do so."

132.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

133.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

134.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

135.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

136.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

137.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

138.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

139.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

140.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

141.    Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

142.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

143.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

144.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

145.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

146.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

147.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

///

///

///

///

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

148.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

149.    Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

150.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

151.    Plaintiff is informed and believes that, at all relevant times during the applicable

1   limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

2   members with written wage statements as described above.

3       152.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**

4   **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

5   that Defendants have the ability to provide them with accurate wage statements but have

6   intentionally provided them with written wage statements that Defendants have known do not

7   comply with Labor Code section 226(a).

8       153.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

9   in that Defendants have violated their legal rights to receive accurate wage statements and have

10  misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

11  on their wage statements have prevented immediate challenges to Defendants' unlawful pay

12  practices, has required discovery and mathematical computations to determine the amount of wages

13  owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

14  has led to the submission of inaccurate information about wages and deductions to federal and state

15  government agencies.

16      154.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**

17  **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

18  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

19  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

20  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

21  and costs.

22                          **NINTH CAUSE OF ACTION**

23                  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

24                          **(Lab. Code §§ 201-203)**

25                  **(Plaintiff and Waiting Time Penalties Sub-Class)**

26      155.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

27  herein.

28      156.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

1  have been entitled, upon the end of their employment with Defendants, to timely payment of all

2  wages earned and unpaid before termination or resignation.

3      157.  At all relevant times, pursuant to Labor Code section 201, employees who have been

4  discharged have been entitled to payment of all final wages immediately upon termination.

5      158.  At all relevant times, pursuant to Labor Code section 202, employees who have

6  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

7  payment of all final wages at the time of resignation.

8      159.  At all relevant times, pursuant to Labor Code section 202, employees who have

9  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

10  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11      160.  During the applicable limitations period, Defendants failed to pay Plaintiff all of her

12  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

13      161.  Plaintiff is informed and believes that, at all relevant time during the applicable

14  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

15  members all of their final wages in accordance with the Labor Code.

16      162.  Plaintiff is informed and believes that, at all relevant times during the applicable

17  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

18  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

19  sections 201 or 202 by failing to timely pay them all final wages.

20      163.  Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

21  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

22  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

23  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

24  with those requirements.

25      164.  Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and

26  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

27  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

28      165.  Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

1 and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

2 **Class** members, seek awards of reasonable attorneys' fees and costs.

3 **TENTH CAUSE OF ACTION**

4 **UNFAIR COMPETITION**

5 **(Bus. & Prof. Code §§ 17200 *et seq.*)**

6 **(Plaintiff and UCL Class)**

7     166.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8 herein.

9     167.    Business and Professions Code section 17200 defines "unfair competition" to

10 include any unlawful business practice.

11     168.    Business and Professions Code section 17203-17204 allow a person who has lost

12 money or property as a result of unfair competition to bring a class action in accordance with Code

13 of Civil Procedure section 382 to recover money or property that may have been acquired from

14 similarly situated persons by means of unfair competition.

15     169.    Federal and California laws require certain disclosures and proper authorization

16 before conducting background checks and obtaining information from credit and background

17 reports in connection with a hiring process.

18     170.    Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates by

19 reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

20     171.    California law requires employers to pay hourly, non-exempt employees for all hours

21 they are permitted or suffered to work, including hours that the employer knows or reasonable

22 should know that employees have worked.

23     172.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIFTH,

24 SIXTH and SEVENTH causes of action herein.

25     173.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

26     174.    Defendants have or may have acquired money by means of unfair competition.

27     175.    Defendants have violated Federal and California laws through their policies and

28 practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer

30

credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

176.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175 and 1199, which make it a misdemeanor to commit the Labor Code violations alleged herein.

177.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours before the fifth hour of work, by failing to pay non-exempt employees with rest periods of at least ten minutes for each four hour work period or major fraction thereof.

178.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

179.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

180.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

181.    Plaintiff is informed and believes that other similarly situated persons have been

1  subject to the same unlawful policies or practices of Defendants.

2      182.    Due to the unfair and unlawful business practices in violation of the Labor Code,

3  Defendants have gained a competitive advantage over other comparable companies doing business

4  in the State of California that comply with their legal obligations.

5      183.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

6  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

7  violates or is considered unlawful under any other state or federal law.

8      184.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

9  Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining

10  Defendants, and each of them, and their agents and employees, from further violations of the

11  FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

12  Defendants, and each of them, and their respective agents and employees, from further violations

13  of the FCRA, ICRAA and CCRAA.

14      185.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

15  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

16  Defendants, and each of them, and their agents and employees, from further violations of the Labor

17  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

18  an order permanently enjoining Defendants, and each of them, and their respective agents and

19  employees, from further violations of the Labor Code and applicable Industrial Welfare

20  Commission Wage Orders.

21      186.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

22  herself and **FCRA Class, ICRAA Class, CCRAA Class and UCL Class** members, seek

23  declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not

24  pay them or otherwise retained by means of its unlawful and unfair business practices.

25      187.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

26  and/or the common fund doctrine, Plaintiff and **FCRA Class, ICRAA Class, CCRAA Class and**

27  **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their

28  unfair competition claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1)     An order that the action be certified as a class action;

(2)     An order that Plaintiff be appointed class representative;

(3)     An order that counsel for Plaintiff be appointed class counsel;

(4)     Unpaid wages;

(5)     Actual damages;

(6)     Liquidated damages;

(7)     Restitution;

(8)     Declaratory relief;

(9)     Pre-judgment interest;

(10)    Statutory penalties;

(11)    Civil penalties;

(12)    Costs of suit;

(13)    Reasonable attorneys' fees; and

(14)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all issues so triable.


DATED: April 19, 2018                    SETAREH LAW GROUP


SHAUN SETAREH
Attorneys for Plaintiff
ALICIA ROSALES

EXHIBIT C

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 5/18/2018 2:45 PM**
**Reviewed By: R. Walker**
**Case #18CV326826**
**Envelope: 1534676**

TO:    FILE COPY

RE:                     **Rosales v. Loomis Armored US, LLC**
CASE NUMBER:   **18CV326826**

## NOTICE OF RESCHEDULED CASE MANAGEMENT CONFERENCE

The Case Management Conference for the above entitled case has been rescheduled (from August 3, 2018) and you are directed to appear in court on:

| | | |
|---|---|---|
| **Date: August 10, 2018** | **At: 10:00 a.m.** | **In: Department 1** |
| Location: Superior Court, 191 North First Street, San Jose, CA 95113. | | |

A copy of the current Complex Civil Litigation Guidelines may be downloaded from the Court's website. Compliance with all Local Rules of Court is required.

A single updated Joint Case Management Statement shall be filed by the parties no later than five (5) calendar days prior to the next scheduled Case Management Conference.

For further information, contact the Complex Civil Litigation Department, (408) 882-2286.

Date: May 18, 2018                          Hon. Brian C. Walsh
                                        Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 5/18/2018 2:51 PM**
**Reviewed By: R. Walker**
**Case #18CV326826**
**Envelope: 1534722**

TO:    FILE COPY


RE:              **Rosales v. Loomis Armored US, LLC**
CASE NUMBER:     **18CV326826**


### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY


WHEREAS, the Complaint was filed by Plaintiff **ALICIA ROSALES** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **April 19, 2018** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **ALICIA ROSALES**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **August 10, 2018 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.


Date: May 18, 2018                                          _____
                                                           Hon. Brian C. Walsh
                                                           Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# EXHIBIT E

 **CT Corporation**

**Service of Process Transmittal**
06/04/2018
CT Log Number 533450474

**TO:** Edward Judd, VP Claims
Loomis Armored US, Inc.
2500 Citywest Blvd Ste 2300
Houston, TX 77042-9000

**RE:** **Process Served in California**

**FOR:** Loomis Armored US, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alicia Rosales, on behalf of herself all others similarly situated, Pltf. vs. Loomis Armored US, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Exhibit(S) |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 18CV326826 |
| **NATURE OF ACTION:** | Employee Litigation - PLAINTIFF'S NOTICE OF ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND CASE MANGEMENT CONFENCE |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 06/04/2018 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | 08/10/2018 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>Setareh Law Group<br>9454 Wilshire Blvd.<br>Suite 907<br>Beverly Hills, CA 90212<br>310-808-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/04/2018, Expected Purge Date: 06/09/2018<br><br>Image SOP<br><br>Email Notification,  Edward Judd  ed.judd@us.loomis.com<br><br>Email Notification,  Thomas Hamilton  Thomas.Hamilton@US.Loomis.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  2 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
06/04/2018
CT Log Number 533450474

TO:     Edward Judd, VP Claims
        Loomis Armored US, Inc.
        2500 Citywest Blvd Ste 2300
        Houston, TX 77042-9000

RE:     **Process Served in California**

FOR:    Loomis Armored US, LLC  (Domestic State: TX)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Cover sheet, Instructions | By Process Server on 04/24/2018 | Edward Judd, VP Claims Loomis Armored US, Inc. | 533223044 |
| Letter | By Certified Mail on 04/23/2018 postmarked on 04/17/2018 | Edward Judd, VP Claims Loomis Armored US, Inc. | 533202474 |

Page 2 of  2 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SHAUN SETAREH
9454 WILSHIRE BLVD., SUITE 907
BEVERLY HILLS, CA 90212

$0.68⁰
US POSTAGE
FIRST-CLASS
FROM 90212
MAY 30 2018
stamps.com



C.T. Corporation
818 W. 7th St. Ste 930
Los Angeles CA 90017-3476

1 | Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
3 | William M. Pao (SBN 219846)
    william@setarehlaw.com
4 | SETAREH LAW GROUP
    9454 Wilshire Boulevard, Suite 907
5 | Beverly Hills, California 90212
    Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

7 | Attorneys for Plaintiff
    ALICIA ROSALES

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SANTA CLARA

11 | UNLIMITED JURISDICTION

12

13 | ALICIA ROSALES, on behalf of herself, all | Case No. 18CV326826
     others similarly situated,
14 |            *Plaintiff,* | PLAINTIFF'S NOTICE OF ORDER
                              | DEEMING CASE COMPLEX AND
15 |        vs.               | STAYING DISCOVERY AND CASE
                              | MANGEMENT CONFENCE
16 | LOOMIS ARMORED US, LLC, a Texas
     corporation; and DOES 1 through 50,
17 | inclusive,               | HEARING INFORMATION

18 |            *Defendants.*  | DATE:  August 10, 2018
                              | TIME:  10:00 am
19 |                          | DEPT:  1

20

21

22

23

24

25

26

27

28

1    **TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

2    Please take notice that the Court has set the following hearing dates in the above-stated case:

3        1.  Determined this case complex

4        2.  Case Management Conference scheduled for August 10, 2018. in Department 1 of the Santa

5            Clara Superior Court house, Located at 191 N. First Street, San Jose CA 95113

6

7    Attached hereto as "Exhibit A and B" is a true and correct copy of the court notice.

8

9

10   DATED: May 29, 2018                    SETAREH LAW GROUP

11

12

13                                          _____

14                                          SHAUN SETAREH
                                            THOMAS SEGAL

15                                          Attorneys for Plaintiff
                                            ALICIA ROSALES

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            1

# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA 95113-1090

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/18/2018 2:51 PM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1534722

TO:    FILE COPY

RE:
CASE NUMBER:

**Rosales v. Loomis Armored US, LLC**
**18CV326826**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **ALICIA ROSALES** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **April 19, 2018** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **ALICIA ROSALES**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **August 10, 2018 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: May 18, 2018

_____
Hon. Brian C. Walsh
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# EXHIBIT B

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA 95113-1090

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/18/2018 2:45 PM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1534676**

TO:    FILE COPY

RE:          **Rosales v. Loomis Armored US, LLC**
CASE NUMBER:    **18CV326826**

### NOTICE OF RESCHEDULED CASE MANAGEMENT CONFERENCE

The Case Management Conference for the above entitled case has been rescheduled (from August 3, 2018) and you are directed to appear in court on:

**Date: August 10, 2018**          **At: 10:00 a.m.**          **In: Department 1**

Location: Superior Court, 191 North First Street, San Jose, CA 95113.

A copy of the current Complex Civil Litigation Guidelines may be downloaded from the Court's website. Compliance with all Local Rules of Court is required.

A single updated Joint Case Management Statement shall be filed by the parties no later than five (5) calendar days prior to the next scheduled Case Management Conference.

For further information, contact the Complex Civil Litigation Department, (408) 882-2286.

Date: May 18, 2018          _____
                            Hon. Brian C. Walsh
                            Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9454 Wilshire Blvd. Suite 907<br>Beverly Hills, CA 90212<br><br>TELEPHONE NO.:310-888-7771    FAX NO. *(Optional):*310-888-0109<br>E-MAIL ADDRESS *(Optional):*Calendar@Setarehlaw.com<br>ATTORNEY FOR *(Name):*PLAINTIFF: Alicia Rosales | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS:191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE:San Jose, CA 95113
BRANCH NAME:Superior Court

PETITIONER/PLAINTIFF:Alicia Rosales

RESPONDENT/DEFENDANT:Loomis Armored US, LLC

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>18CV326826 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    9454 Wilshire Blvd, Suite 907, Beverly Hills, CA 90212

3.  On *(date):*5/29/18    I mailed from *(city and state):*Beverly Hills, CA
    the following documents *(specify):*
    Plaintiff's Notice of Order Deeming Case Complex and Staying of Discovery and Case Management Conference

    ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a. **Name** of person served:C.T. CORPORATION ( Agent of Process for Lowes Home Centers)
    b. **Address** of person served:
       818 W. 7th St. #930, Los Angeles, CA 90017

    ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5/30/18

Angel Reyes
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT F

18CV326826
Santa Clara – Civil

1   JOANNA L. BROOKS, Bar No. 182986
    MICHAEL W. NELSON, Bar No. 287213
2   LITTLER MENDELSON, P.C.
    Treat Towers
3   1255 Treat Boulevard, Suite 600
    Walnut Creek, CA 94597
4   Telephone:   925.932.2468
    Fax No.:     925.946.9809
5
    Attorneys for Defendant
6   LOOMIS ARMORED US, LLC

7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/31/2018 1:14 PM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1783433**

8                  SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

10  ALICIA ROSALES, on behalf of herself,        Case No.  18CV326826
    all others similarly situated,
11                                                ASSIGNED FOR ALL PURPOSES TO JUDGE
                 Plaintiff,                       BRIAN C. WALSH, DEPARTMENT 1
12
         v.                                       **DEFENDANT'S NOTICE OF APPEARANCE**
13
    LOOMIS ARMORED US, LLC, a Texas              Complaint Filed:  April 19, 2018
14  corporation; and DOES 1 through 50,
    inclusive,
15
                 Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF APPEARANCE

1   TO:   THE CLERK OF THE COURT AND PLAINTIFF'S COUNSEL OF RECORD

2        Defendant LOOMIS ARMORED US, LLC hereby gives notice of its appearance in the

3   above-captioned action as requested by the Court in its Order Deeming Case Complex and Staying

4   Discovery.

5

6   Dated:   July 31, 2018

7

8

9        JOANNA L. BROOKS
         MICHAEL W. NELSON
10        LITTLER MENDELSON, P.C.
         Attorneys for Defendant
11        LOOMIS ARMORED US, LLC

12   Firmwide:156148473.1 028378.1212

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Tical Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S NOTICE OF APPEARANCE

1   JOANNA L. BROOKS, Bar No. 182986
    MICHAEL W. NELSON, Bar No. 287213
2   LITTLER MENDELSON, P.C.
    Treat Towers
3   1255 Treat Boulevard, Suite 600
    Walnut Creek, CA  94597
4   Telephone:   925.932.2468
    Fax No.:      925.946.9809
5
    Attorneys for Defendant
6   LOOMIS ARMORED US, LLC
7
8                    SUPERIOR COURT OF CALIFORNIA
9                       COUNTY OF SANTA CLARA
10  ALICIA ROSALES, on behalf of herself,        Case No.  18CV326826
    all others similarly situated,
11                                                ASSIGNED FOR ALL PURPOSES TO JUDGE
                    Plaintiff,                    BRIAN C. WALSH, DEPARTMENT 1
12
          v.                                      **PROOF OF SERVICE**
13
    LOOMIS ARMORED US, LLC, a Texas              Complaint Filed:  April 19, 2018
14  corporation; and DOES 1 through 50,
    inclusive,
15
                    Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/31/2018 1:14 PM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1783433**

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

PROOF OF SERVICE

1    **PROOF OF SERVICE**

2        I am a resident of the State of California, over the age of eighteen years, and not a party to

3    the within action. My business address is 1255 Treat Blvd., Suite 600, Walnut Creek, California

4    94597. On July 31, 2018, I caused to be served the within document(s):

5        **DEFENDANT'S NOTICE OF APPEARANCE**

6    ☐    by facsimile transmission at or about _____ on that date. This document was
7         transmitted by using a facsimile machine that complies with California Rules of Court
         Rule 2003(3), telephone number 925.946.9809. The transmission was reported as
8         complete and without error. A copy of the transmission report, properly issued by the
         transmitting machine, is attached. The names and facsimile numbers of the person(s)
9         served are as set forth below.

10   ☐    by placing a true copy of the document(s) listed above for collection and mailing
         following the firm's ordinary business practice in a sealed envelope with postage thereon
11        fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as
         set forth below.
12

13   ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees
         provided for, in an overnight delivery service pick up box or office designated for
14        overnight delivery, and addressed as set forth below.

15   ☐    by personally delivering a copy of the document(s) listed above to the person(s) at the
         address(es) set forth below.
16

17   ☒    By Electronic Service Via First Legal Network  - I caused the above-entitled document(s)
         to be served through the First Legal E-Filing Service through the First Legal Network E-
18        filing service at efiling@firstlegal.com addressed to all parties set forth below.  A copy of
         the First Legal Network Receipt page/Confirmation will be maintained with the original
19        document(s) in this office.

20

21   Shaun Setarch                              *Attorneys for Plaintiff*
22   H. Scott Leviant                           ALICIA ROSALES
     William M. Pao
23   SETAREH LAW GROUP
     shaun@setarehlaw.com
24   scott@setarehlaw.com
     william@setarehlaw.com
25   T. (310) 888-7771; F. (310) 888-0109

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

PROOF OF SERVICE

1    I am readily familiar with the firm's practice of collection and processing correspondence for

2  mailing and for shipping via overnight delivery service. Under that practice it would be deposited

3  with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight

4  delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in

5  the ordinary course of business.

6    I declare under penalty of perjury under the laws of the State of California that the above is

7  true and correct. Executed on July 31, 2018 at Walnut Creek, California.

8

9

10                                              Monique Kenner

11  Firmwide:154537290.1 028378.1212

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

3.

PROOF OF SERVICE

EXHIBIT G

 **CT Corporation**

**Service of Process Transmittal**
08/09/2018
CT Log Number 533851952

TO: Edward Judd, VP Claims
Loomis Armored US, Inc.
2500 Citywest Blvd Ste 2300
Houston, TX 77042-9000

RE: **Process Served in California**

FOR: Loomis Armored US, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALICIA ROSALES, etc., Pltf. vs. LOOMIS ARMORED US, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Proof(s), First Amended Complaint |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 18CV326829 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - First Amended Complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 08/09/2018 postmarked on 08/01/2018 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, CA 90212<br>310-888-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/10/2018, Expected Purge Date: 08/15/2018<br><br>Image SOP<br><br>Email Notification,  Edward Judd  ed.judd@us.loomis.com<br><br>Email Notification,  Thomas Hamilton  Thomas.Hamilton@US.Loomis.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  2 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
08/09/2018
CT Log Number 533851952

**TO:**    Edward Judd, VP Claims
Loomis Armored US, Inc.
2500 Citywest Blvd Ste 2300
Houston, TX 77042-9000

**RE:**    **Process Served in California**

**FOR:**    Loomis Armored US, LLC  (Domestic State: TX)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| First Amended Complaint, Demand, Proof | By Regular Mail on 06/21/2018 postmarked on 06/19/2018 | Edward Judd, VP Claims Loomis Armored US, Inc. | 533560257 |
| Summons, Complaint, Attachment(s) | By Process Server on 04/24/2018 | Edward Judd, VP Claims Loomis Armored US, Inc. | 533219557 |

Page 2 of  2 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



$2.26⁰
US POSTAGE
FIRST-CLASS
FROM 90212
AUG 04 2018
stamps.com

Los Angeles P&DC 900

WED 01 AUG 2018 PM

LAW OFFICE OF SHAUN SETAREH
9454 WILSHIRE BLVD., SUITE 907
BEVERLY HILLS CA 90212-2911

-C.T. Corporation Systems
818 W. 7th St. Suite 930
Los Angeles CA 90017-3476

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

On August 1, 2018, I served the foregoing documents described as:

## FIRST AMENDED COMPLAINT

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

C.T. Corporation System
818 W. 7th St. #930
Los Angeles, CA 90017
**Registered Agent for Loomis Armored US, LLC**

Joanna L. Brooks
Michael W. Nelson
**LITTLER MENDELSON, P.C.**
Treat Towers
1255 Treat Blvd., Suite 600
Walnut Creek CA 94597
**Attorneys for Defendant Loomis Armored US, LLC**

**[X]   BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY FEDERAL EXPRESS**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for deposit with Federal Express. It is the practice that correspondence is deposited with Federal Express the same day it is submitted for mailing with fees thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party

18CV326826
Santa Clara – Civil

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  William M. Pao (SBN 219846)
     william@setarehlaw.com
4  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   ALICIA ROSALES

8

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/20/2018 12:02 PM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1746364**

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11  ALICIA ROSALES, on behalf of herself, all
    others similarly situated,
12              *Plaintiff*,

13          vs.

14  LOOMIS ARMORED US, LLC, a Texas
    corporation; and DOES 1 through 50,
15  inclusive,

16              *Defendants*.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 18CV326826

Amended As a Matter of Right Pursuant to
Labor Code Section 2699.3(a)(2)(C)

**CLASS ACTION**

**FIRST AMENDED COMPLAINT**

1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
   (Fair Credit Reporting Act);
2. Violation of 15 U.S.C. §§ 1681d(a)(1) and
   1681g(c) (Fair Credit Reporting Act);
3. Violation of California Civil Code § 1786 *et
   seq.* (Investigative Consumer Reporting
   Agencies Act);
4. Violation of California Civil Code § 1785 *et
   seq.* (Consumer Credit Reporting Agencies
   Act);
5. Failure to Provide Meal Periods (Lab. Code
   §§ 204, 223, 226.7, 512 and 1198);
6. Failure to Provide Rest Periods (Lab. Code
   §§ 204, 223, 226.7 and 1198);
7. Failure to Pay Hourly Wages (Lab. Code §§
   223, 510, 1194, 1194.2, 1197, 1997.1 and
   1198);
8. Failure to Provide Accurate Written Wage
   Statements (Lab. Code §§ 226(a));
9. Failure to Timely Pay All Final Wages
   (Lab. Code §§ 201, 202 and 203);
10. Unfair Competition (Bus. & Prof. Code §§
    17200 *et seq.*);
11. Civil Penalties (Lab. Code §§ 2698 *et seq.*)

**JURY TRIAL DEMANDED**

1    COMES NOW, Plaintiff ALICIA ROSALES ("Plaintiff"), on behalf of herself, all others
2  similarly situated, and the general public, ccomplains and alleges as follows:

3  ## INTRODUCTION

4    1.    Plaintiff brings this class action against Defendant LOOMIS ARMORED US, LLC;
5  and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations
6  of the Fair Credit Reporting Act ("FCRA") and similar California laws.

7    2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer
8  and/or consumer credit reports (referred to collectively as "credit and background reports") to
9  conduct background checks on Plaintiff and other prospective, current and former employees and
10  use information from credit and background reports in connection with their hiring process without
11  providing proper disclosures and obtaining proper authorization in compliance with the law.

12    3.    Plaintiff, individually and on behalf of all others similarly situated current, former
13  and prospective employees, seeks compensatory and punitive damages due to Defendants'
14  systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*), the California
15  Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.*); and
16  the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et*
17  *seq.*).

18    4.    Plaintiff also brings this class and representative action against Defendants for
19  alleged violations of the Labor Code and Business and Professions Code.  As set forth below,
20  Plaintiff alleges that Defendants have:

21        (1)    failed to provide her and all other similarly situated individuals with meal
22              periods;

23        (2)    failed to provide them with rest periods;

24        (3)    failed to pay them premium wages for missed meal and/or rest periods;

25        (4)    failed to pay them premium wages for missed meal and/or rest periods at the
26              regular rate of pay;

27        (5)    failed to pay them at least minimum wage for all hours worked;

28        (6)    failed to pay them overtime wages at the correct rate;'

1    (7)  failed to pay them double time wages at the correct rate;

2    (8)  failed to provide them with accurate written wage statements; and

3    (9)  failed to pay them all of their final wages following separation of

4       employment.

5   Based on these alleged Labor Code violations, Plaintiff now brings this class action to

6 recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated,

7 and the general public.

8         **JURISDICTON AND VENUE**

9   5.  This Court has subject matter jurisdiction to hear this case because the monetary

10 damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

11 jurisdiction of the Superior Court of the State of California.

12   6.  Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure

13 sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

14 that are the subject matter of this Complaint occurred therein and/or each defendant is found,

15 maintains offices, transacts business and/or has an agent therein.

16   7.  Venue is proper in Santa Clara County because Defendants' principal place of

17 business is in Texas, is incorporated under the laws of Texas, does business in Santa Clara County,

18 and has not registered a California place of business with the California Secretary of State.  As

19 such, venue is proper in any county in California.

20           **PARTIES**

21   8.  Plaintiff ALICIA ROSALES is, and at all relevant times mentioned herein, an

22 individual residing in the State of California.

23   9.  Plaintiff is informed and believes, and thereupon alleges that Defendant LOOMIS

24 ARMORED US, LLC is, and at all relevant times mentioned herein, a Texas corporation doing

25 business in the State of California.

26   10.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

27 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

28 Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

1  when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the

2  fictitiously named defendants are responsible in some manner for the occurrences, acts and

3  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

4  defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and

5  capacities of the DOE defendants when ascertained.

6        11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

7  mentioned herein, some or all of the defendants were the representatives, agents, employees,

8  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

9  other defendants, and in doing the things alleged herein, were acting within the course and scope of

10  such relationship and with the full knowledge, consent and ratification by such other defendants.

11        12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

12  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

13  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

14  acts and omissions alleged herein.

15                                **CLASS ALLEGATIONS**

16        13.    This action has been brought and may be maintained as a class action pursuant to

17  Code of Civil Procedure section 382 because there is a well-defined community of interest among

18  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

19  unaware of any difficulties likely to be encountered in managing this case as a class action.

20        14.    **Relevant Time Period**: The relevant time period is defined as the time period

21  beginning four years prior to the filing of this action until judgment is entered.

22        **FCRA Class:** All of Defendants' current, former and prospective applicants for
    employment in the United States who applied for a job with Defendants at any time during
23    the period for which a background check was performed beginning five years prior to the
    filing of this action and ending on the date that final judgment is entered in this action.

24

        **ICRAA Class:** All of Defendants' current, former and prospective applicants for
25    employment in California, at any time during the period beginning five years prior to the
    filing of this action and ending on the date that final judgment is entered into this action.

26

        **CCRAA Class:** All of Defendants' current, former and prospective applicants for
27    employment in California, at any time during the period beginning seven years prior to the
    filing of this action and ending on the date that final judgment is entered in this action.

28

**Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

> **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

> **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

> **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

15.    **Excluded Claims**: Plaintiff excludes claims that were resolved in prior settlements for the period released by each individual.

16.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

17.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

18.    **Commonality and Predominance**: Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

B.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

4

C.   Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

D.   Whether Defendants willfully failed to identify the source of the credit report to be performed;

E.   Whether Defendants willfully failed to comply with the FCRA, ICRAA and/or the CCRAA;

F.   Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

G.   Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

H.   Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

I.   Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

J.   Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

K.   Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

L.   Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

M.   Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

N.   Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

O.      Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

19.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

20.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

21.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

22.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make 1 difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

23.    Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately 2012 and was eventually terminated on April 26, 2017.

///

### Background Check

24.    Defendants performed a background investigation on Plaintiff as Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and the putative class as they contained extraneous and superfluous language.

25.    The Disclosure and Authorization form was part of a seven page employment application that does not contain solely of the disclosure.

### Off-the-Clock Work

26.    Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

27.    Plaintiff and the putative class regularly started work before their scheduled work hours and were not paid for this time. Plaintiff and the putative class were instructed by their managers to let other employees out of the building at the end of the day. This is because the buildings are locked down and so employees would have to wait until someone let them out, usually as a group. Accordingly, many employees were required to wait after they had already clocked out for their shifts before they were allowed to leave the building. In addition, Plaintiff was also asked on multiple occasions to escort the employees out of the building. As a result, Plaintiff and the putative were not paid for all the time spent waiting while they were under the direct and control of Defendants..

28.    As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent working off-the-clock.

29.    Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the putative class for these hours.

30.    Defendants were aware of this practice and directed, permitted or otherwise

encouraged Plaintiff and the putative class to perform off-the-clock work.

31.    As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

### Missed Meal Periods

32.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

33.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### Missed Rest Periods

34.    Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

35.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Wage Statements**

36.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

37.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

- All hours worked, including minimum wage and overtime were not included;
- Any and all meal and rest period premium wages were not included.

38.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

- All hours worked, including overtime, were not included.

39.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included:

- All hours worked, including minimum wage and overtime were not included.
- Any and all meal and rest period premiums were not included.

18.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (Plaintiff and FCRA Class Against All Defendants)

40.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

41.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

42.    Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

43.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

   (A) credit or insurance to be used primarily for personal, family, or household purposes;

   (B) employment purposes; or

   (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

44.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

45.    Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

   (i)  A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

   (ii) The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.
        (Emphasis added.)

46.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

47.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section

1    7001(c), the disclosures do not satisfy the written requirement.

2        48.     Plaintiff alleges, upon information and belief, that in evaluating her and other class

3 members for employment, Defendants procured or caused to be procured credit and background

4 reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section

5 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

6        49.     The purported disclosures do not meet the requirements under the law because they

7 are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-

8 alone documents.

9        50.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

10 report or investigative consumer report for employment purposes unless the disclosure is made in a

11 document that consists solely of the disclosure and the consumer has authorized, in writing, the

12 procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).) The inclusion of a release and

13 other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

14        51.     Although the disclosure and authorization may be combined in a single document,

15 the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

16 information or be part of another document. For example, in response to an inquiry as to whether

17 the disclosure may be set forth within an application for employment or whether it must be included

18 in a separate document, the FTC stated:

19                "The disclosure may not be part of an employment application because the language

20                [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears
conspicuously in a document not encumbered by any other information. The reason
for requiring that the disclosure be in a stand-alone document is to prevent

21                consumers from being distracted by other information side-by-side within the
disclosure."

22

23        52.     The plain language of the statute also clearly indicates that the inclusion of a liability

24 release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

25 because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly warned

26 that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion

27 letter, the FTC stated:

28                "[W]e note that your draft disclosure includes a waiver by the consumer of his or her

rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

53.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

54.    By including a release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and 1681d(a).

55.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

A.    Defendants are a large corporation with access to legal advice;

B.    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

C.    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

D.    The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

56.    Defendants required a liability release in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for

1  releasing information they have about the Plaintiff to Defendants.

2      57.    Based upon the facts likely to have evidentiary support after a reasonable

3  opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy

4  and practice of procuring investigative consumer reports or causing investigative consumer reports

5  to be procured for applicants and employees without informing them of their right to request a

6  summary of their rights under the FCRA at the same time as the disclosure explaining that an

7  investigative consumer report may be made.  Pursuant to that policy and practice, Defendants

8  procured investigative consumer reports or caused investigative consumer reports to be procured for

9  Plaintiff and class members, as described above, without informing class members of their rights to

10  request a written summary of their rights under the FCRA.

11      58.    Accordingly, Defendants willfully violated and continue to violate the FCRA,

12  including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is

13  reflected by, among other things, the facts set forth above.

14      59.    As a result of Defendants' unlawful procurement of credit and background reports by

15  way of their inadequate disclosures, as set forth above, Plaintiff and class members have been

16  injured, including but not limited to, having their privacy and statutory rights invaded in violation of

17  the FCRA.

18      60.    Plaintiff, on behalf of herself and all class members, seek all available remedies

19  pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive

20  damages, injunctive and equitable relief and attorneys' fees and costs.

21      61.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

22  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

23  section 1681o, including statutory damages and attorneys' fees and costs.

24              **SECOND CAUSE OF ACTION**

25  **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

26              **(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

27              **(Plaintiff and FCRA Class Against All Defendants)**

28      62.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

13

1    herein.

2        63.    Section 1681d(a) states:

3            (a) Disclosure of fact of preparation
            A person may not procure or cause to be prepared an investigative consumer report
4            on any consumer unless–

5                (1) it is *clearly and accurately disclosed to the consumer* that an investigative
                    consumer report including information as to his character, general reputation,
6                    personal characteristics, and mode of living, which are applicable, may be
                    made, and such disclosure

7                    (A) is *made in a writing mailed, or otherwise delivered, to the consumer*, not
8                        later than three days after the date on which the report was first requested,
                        and

9                    (B) *includes a statement informing the consumer of his right to request the
10                        additional disclosures* provided for under subsection (b) of this section and
                        *the written summary of the rights of the consumer prepared pursuant to
11                        section 1681g(c)* of this title;

12                (Emphasis added.)

13       64.    Section 1681d(b) states:

14            (b) Disclosure on request of nature and scope of investigation
            Any person who procures or causes to be prepared an investigative consumer report
15            on any consumer shall, upon written request made by the consumer within a
            reasonable period of time after the receipt by her of the disclosure required by
16            subsection (a)(1), make a *complete and accurate disclosure of the nature and scope
            of the investigation requested*.  This disclosure shall be made in a writing mailed, or
17            after the date on which the request for such disclosure was received from the
            consumer or such report was first requested, whichever is the later.
18            (Emphasis added.)

19       65.    As previously alleged, because Defendants' disclosures do not meet the requirement

20    of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written

21    requirement.

22       66.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1),

23    Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the

24    consumer of the right to have the person who procured the report provide a complete and accurate

25    disclosure of the nature and scope of the investigation requested.

26       67.    Section 1681g(c) further provides for summary of rights to obtain and dispute

27    information in consumer reports and to obtain credit scores:

28            (c) Summary of rights to obtain and dispute information in consumer reports and to

obtain credit scores

(1) Commission
Summary of rights required

   (A) In general
   The Commission shall prepare a model summary of the rights of consumers
   under this subchapter.

   (B) Content of summary
   The summary of rights prepared under subparagraph (A) shall include a
   description of–

      (i) the right of a consumer to obtain a copy of a consumer report under
          subsection (a) from each consumer reporting agency;

      (ii) the frequency and circumstances under which a consumer is entitled to
           receive a consumer report without charge under section 1681j of this
           title;

      (iii) the right of a consumer to dispute information in the file of the
            consumer under section 1681i of this title;

      (iv) the right of a consumer to obtain a credit score from a consumer
           reporting agency, and a description of how to obtain a credit score;

      (v) the method by which a consumer can contact, and obtain a consumer
          report from, a consumer reporting agency without charge, as provided
          in the regulations of the Bureau prescribed under section 211(c) of the
          Fair and Accurate Credit Transactions Act of 2003; and

      (vi) the method by which a consumer can contact, and obtain a consumer
           report from, a consumer reporting agency described in section
           1681a(w) of this title, as provided in the regulations of the Bureau
           prescribed under section 1681j(a)(1)(C) of this title.

68. Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

69. Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

70. Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

71. Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

72.    Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

73.    Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

### THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA

### (Cal. Civ. Code §§ 1786 *et seq.*)

### (Plaintiff and ICRAA Class Against All Defendants)

74.    Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged herein.

75.    Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

76.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning of section 1786.2(b) of the ICRAA because they are "individuals."

77.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> "The term investigative consumer report means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

78.    Accordingly, a background check qualifies as an investigative consumer report under the ICRAA.

79.    Section 1786.16(a)(2) of the ICRAA provides:

> (2)  If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (A)  The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
>
> (B)  The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of***

*the disclosure*, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall be operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

80.    As previously alleged, because Defendants' disclosures do not meet the requirements of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

81.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks) as described by Civil Code section 1786.2(c).

82.    Because the purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

83.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

84.    The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA because such a form would not consist "solely" of the disclosure.

85.    By including the Release and other extraneous information, Defendants willfully violated section 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section 1786.16(a)(2)(B).

86.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

87.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

        (a) Defendants are large corporations with access to legal advice;

        (b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

        (c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

18

FIRST AMENDED CLASS ACTION COMPLAINT

1  88. As a result of Defendants' illegal procurement of background reports by way of their

2 inadequate disclosures, as set forth above, Plaintiff and class members have been injured including,

3 but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

4  89. Plaintiff, on behalf of herself and all class members, seeks all available remedies

5 pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages,

6 punitive damages, and attorneys' fees and costs.

7  90. In the alternative to Plaintiff's allegation that these violations were willful or grossly

8 negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if

9 any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

10
### FOURTH CAUSE OF ACTION

11
**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA**

12
**(Cal. Civ. Code §§ 1785 *et seq.*)**

13
**(Plaintiff and CCRAA Class Against All Defendants)**

14  91. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

15  92. Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

16 Reporting Agencies Act ("CCRAA").

17  93. Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section

18 1785.3(b) of the CCRAA, because they are "natural individuals."

19  94. Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

20   any written, oral, or other communication of any information by a consumer credit
   reporting agency bearing on a consumer's credit worthiness, credit standing, or credit

21   capacity, which is used or is expected to be used, or collected in whole or in part, for
   the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2)

22   employment purposes...

23 Thus, a credit report qualifies as a consumer credit report under the CCRAA.

24  95. Section 1785.20.5(a) of the CCRAA provides, in relevant part:

25   Prior to requesting a consumer credit report for employment purposes, the user of the
   report shall provide written notice to the person involved. The notice shall inform the

26   person that a report will be used, and ***shall identify the specific basis under subdivision
   (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also***

27   ***inform the person of the source of the report...***

28   (Emphasis added.)

96.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Section 1785.3(c).

97.     The disclosure provided by Defendants does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

98.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with Section 1785.20.5(a) of the CCRAA, as described above.

99.     Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large corporations with access to legal advice;

(b)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

20

1    100.    As a result of Defendants' illegal procurement of credit reports by way of their

2  inadequate notice, as set forth above, Plaintiff and class members have been injured including, but

3  not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

4    101.    Plaintiff, on behalf of herself and all class members, seeks all available remedies

5  pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages,

6  punitive damages, injunctive relief, and attorneys' fees and costs.

7    102.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

8  alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil

9  Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and

10  costs.

11                              **FIFTH CAUSE OF ACTION**

12                        **FAILURE TO PROVIDE MEAL PERIODS**

13                        **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

14                        **(Plaintiff and Meal Period Sub-Class)**

15    103.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

16  fully alleged herein.

17    104.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

18  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

19  Code and the applicable Industrial Welfare Commission Wage Order.

20    105.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

21  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

22  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

23  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

24  minutes for each work period of ten hours.

25    106.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

26  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

27  work during required meal periods and require employers to pay non-exempt employees an hour of

28  premium wages on each workday that the employee is not provided with the required meal period.

107.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

108.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

109.    Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

110.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

111.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

112.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

113.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

114.    Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal

1 | period if they work a shift of over ten hours, or that the second meal period must commence before
2 | the end of the tenth hour of work, unless waived.

3 | 115. At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**
4 | **Class** members additional premium wages, and/or were not paid premium wages at the employees'
5 | regular rates of pay when required meal periods were not provided.

6 | 116. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself
7 | and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,
8 | and costs of suit.

9 | 117. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
10 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the
11 | **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

12 | **SIXTH CAUSE OF ACTION**
13 | **FAILURE TO PROVIDE REST PERIODS**
14 | **(Lab. Code §§ 204, 223, 226.7 and 1198)**
15 | **(Plaintiff and Rest Period Sub-Class)**

16 | 118. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
17 | herein.

18 | 119. At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been
19 | non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
20 | Code and the applicable Wage Order.

21 | 120. Section 12 of the applicable Wage Order imposes an affirmative obligation on
22 | employers to permit and authorize employees to take required rest periods at a rate of no less than
23 | ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be
24 | in the middle of each work period insofar as practicable.

25 | 121. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
26 | employers from requiring employees to work during required rest periods and require employers to
27 | pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
28 | each workday that the employee is not provided with the required rest period(s).

122.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

123.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

124.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

125.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

126.    Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

127.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

128.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiff and Hourly Employee Class)

129.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

130.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

24

131.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

132.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

133.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

134.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

135.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

136.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

137.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

138.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

139.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

140.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times

FIRST AMENDED CLASS ACTION COMPLAINT

1   their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

2   hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

3   the seventh consecutive day of one workweek.

4        141.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

5   employers to pay non-exempt employees overtime wages of no less than two times their respective

6   regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

7   worked in excess of eight hours on a seventh consecutive workday during the workweek.

8        142.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

9   centrally devised policies and practices to her and **Hourly Employee Class** members with respect

10  to working conditions and compensation arrangements.

11       143.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

12  **Employee Class** members for all time worked, including but not limited to, overtime hours at

13  statutory and/or agreed rates.

14       144.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

15  **Employee Class** members all earned wages every pay period at the correct rates, including

16  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

17  **Hourly Employee Class** members to perform off-the-clock work.

18       145.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

19  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

20  full amount of wages earned during each pay period during the applicable limitations period,

21  including overtime wages.

22       146.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

23  behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and

24  overtime wages, interest thereon and costs of suit.

25       147.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

26  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

27  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

28  ///

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

148.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

149.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

150.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

151.    Plaintiff is informed and believes that, at all relevant times during the applicable

27
FIRST AMENDED CLASS ACTION COMPLAINT

1    limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**
2    members with written wage statements as described above.

3    152.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**
4    **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in
5    that Defendants have the ability to provide them with accurate wage statements but have
6    intentionally provided them with written wage statements that Defendants have known do not
7    comply with Labor Code section 226(a).

8    153.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,
9    in that Defendants have violated their legal rights to receive accurate wage statements and have
10   misled them about their actual rates of pay and wages earned.  In addition, inaccurate information
11   on their wage statements have prevented immediate challenges to Defendants' unlawful pay
12   practices, has required discovery and mathematical computations to determine the amount of wages
13   owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or
14   has led to the submission of inaccurate information about wages and deductions to federal and state
15   government agencies.

16   154.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**
17   **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the
18   initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each
19   subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an
20   aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees
21   and costs.

22                    **NINTH CAUSE OF ACTION**
23              **FAILURE TO TIMELY PAY ALL FINAL WAGES**
24                     **(Lab. Code §§ 201-203)**
25              **(Plaintiff and Waiting Time Penalties Sub-Class)**

26   155.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
27   herein.

28   156.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

1  have been entitled, upon the end of their employment with Defendants, to timely payment of all

2  wages earned and unpaid before termination or resignation.

3       157.   At all relevant times, pursuant to Labor Code section 201, employees who have been

4  discharged have been entitled to payment of all final wages immediately upon termination.

5       158.   At all relevant times, pursuant to Labor Code section 202, employees who have

6  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

7  payment of all final wages at the time of resignation.

8       159.   At all relevant times, pursuant to Labor Code section 202, employees who have

9  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

10  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11       160.   During the applicable limitations period, Defendants failed to pay Plaintiff all of her

12  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

13       161.   Plaintiff is informed and believes that, at all relevant time during the applicable

14  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

15  members all of their final wages in accordance with the Labor Code.

16       162.   Plaintiff is informed and believes that, at all relevant times during the applicable

17  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

18  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

19  sections 201 or 202 by failing to timely pay them all final wages.

20       163.   Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

21  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

22  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

23  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

24  with those requirements.

25       164.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and

26  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

27  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

28       165.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

1  | and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**
2  | **Class** members, seek awards of reasonable attorneys' fees and costs.

### TENTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

166.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

167.   Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

168.   Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

169.   Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

170.   Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

171.   California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

172.   Plaintiff and the **UCL Class** members re-alleges and incorporates the FIFTH, SIXTH and SEVENTH causes of action herein.

173.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

174.   Defendants have or may have acquired money by means of unfair competition.

175.   Defendants have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer

1  credit reports (referred to collectively as "credit and background reports") to conduct background

2  checks on Plaintiff and other prospective, current and former employees and use information from

3  credit and background reports in connection with their hiring process without providing proper

4  disclosures and obtaining proper authorization in compliance with the law.

5       176.    Plaintiff is informed and believes and thereupon alleges that by committing the

6  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

7  216, 225, 226.6, 354, 408, 553, 1175 and 1199, which make it a misdemeanor to commit the Labor

8  Code violations alleged herein.

9       177.    Defendants have committed criminal conduct through their policies and practices of,

10  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

11  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

12  work period of five or more hours before the fifth hour of work, by failing to pay non-exempt

13  employees with rest periods of at least ten minutes for each four hour work period or major fraction

14  thereof.

15      178.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

16  employees and entitled to the full protections of both the Labor Code and the applicable Wage

17  Order.

18      179.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

19  constitutes unfair competition within the meaning of Business and Professions Code section 17200

20  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

21  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

22  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

23  behalf of similarly situated persons in a class action proceeding.

24      180.    As a result of Defendants' violations of the Labor Code during the applicable

25  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

26  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

27  conduct.

28      181.    Plaintiff is informed and believes that other similarly situated persons have been

1  subject to the same unlawful policies or practices of Defendants.

2      182.    Due to the unfair and unlawful business practices in violation of the Labor Code,

3  Defendants have gained a competitive advantage over other comparable companies doing business

4  in the State of California that comply with their legal obligations.

5      183.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

6  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

7  violates or is considered unlawful under any other state or federal law.

8      184.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

9  Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining

10  Defendants, and each of them, and their agents and employees, from further violations of the

11  FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

12  Defendants, and each of them, and their respective agents and employees, from further violations

13  of the FCRA, ICRAA and CCRAA.

14      185.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

15  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

16  Defendants, and each of them, and their agents and employees, from further violations of the Labor

17  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

18  an order permanently enjoining Defendants, and each of them, and their respective agents and

19  employees, from further violations of the Labor Code and applicable Industrial Welfare

20  Commission Wage Orders.

21      186.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

22  herself and **FCRA Class, ICRAA Class, CCRAA Class and UCL Class** members, seek

23  declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not

24  pay them or otherwise retained by means of its unlawful and unfair business practices.

25      187.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

26  and/or the common fund doctrine, Plaintiff and **FCRA Class, ICRAA Class, CCRAA Class and**

27  **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their

28  unfair competition claims.

**ELEVENTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(Lab. Code §§ 2698 *et seq.*)**

188.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

189.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

190.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

191.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

192.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

193.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

        A.     For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

        B.     For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

        C.     For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each

employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D.     For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.     For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.     For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.     For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)    Unpaid wages;

(5)    Actual damages;

(6)    Liquidated damages;

(7)    Restitution;

(8)    Declaratory relief;

(9)    Pre-judgment interest;

(10)    Statutory penalties;

(11)    Civil penalties;

(12)    Costs of suit;

(13)    Reasonable attorneys' fees; and

(14)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: July 17, 2018                    SETAREH LAW GROUP

_____ For

SHAUN SETAREH
Attorneys for Plaintiff
ALICIA ROSALES

35
FIRST AMENDED CLASS ACTION COMPLAINT

served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY FACSIMILE MACHINE**

    I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]    **PERSONAL SERVICE**

    I delivered the foregoing document by hand delivery to the addressee named above.

[ ]    **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

    I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid. I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **STATE**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **FEDERAL**    I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on August 1, 2018, at Beverly Hills, California.

                                   Jackie Hernandez

EXHIBIT H

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/7/2018 11:14 AM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1807111**

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  Thomas Segal (222731)
       thomas@setarehlaw.com
3  William M. Pao
       william@setarehlaw.com
4  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
5  Beverly Hills, California 90212
   Telephone:    (310) 888-7771
6  Facsimile:    (310) 888-0109

7  Attorneys for Plaintiff
   ALICIA ROSALES
8
   JoAnna L. Brooks (SBN 182986)
9      jbrooks@littler.com
   Michael W. Nelson (SBN 287213)
10     mwnelson@littler.com
   LITTLER MENDELSON, PC
11 Treat Towers
   1255 Treat Boulevard, Suite 600
12 Walnut Creek, California 94597
   Telephone:    (925) 923-2468
13 Facsimile:    (925) 946-9809

14 Attorneys for Defendant
   LOOMIS ARMORED US, LLC
15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                    FOR THE COUNTY OF SANTA CLARA

18                          UNLIMITED JURISDICTION

19

20 ALICIA ROSALES, on behalf of herself, all      Case No. 18CV326826
   others similarly situated,
21                                                 Assigned For All Purposes To The Honorable
                  *Plaintiff,*                     Brian C. Walsh, Department 1
22
                                                   **JOINT CASE MANAGEMENT
23        vs.                                       CONFERENCE STATEMENT**

24 LOOMIS ARMORED US, LLC, a Texas
   corporation; and DOES 1 through 50,
25 inclusive,                                       Date:        August 10, 2018
                                                   Time:        10:00 a.m.
26            *Defendants.*                         Department:  1

27

28                                                 Action Filed: April 19, 2018

_____
                    JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Plaintiff ALICIA ROSALES ("Plaintiff") and Defendant LOOMIS ARMORED US, LLC

2  ("Defendant") (collectively with Plaintiff, the "Parties"), following related meet and confer efforts, hereby

3  submit this Joint Case Management Conference Statement in advance of the Case Management Conference

4  currently set for August 10, 2018 in this matter.

5    **1.    ADDING PARTIES**

6    At this time, Plaintiff does not anticipate adding any additional parties.  Defendant does not

7  intend to file a cross-complaint.

8    **2.    SERVICE LIST**

9        Shaun Setareh (SBN 204514)
              shaun@setarehlaw.com
10       Thomas Segal (222731)
              thomas@setarehlaw.com
11       SETAREH LAW GROUP
         9454 Wilshire Boulevard, Suite 907
12       Beverly Hills, California 90212
         Telephone:    (310) 888-7771
13       Facsimile:    (310) 888-0109

14       Attorneys for Plaintiff
         ALICIA ROSALES
15
         JoAnna L. Brooks (SBN 182986)
16            jbrooks@littler.com
         Michael W. Nelson (SBN 287213)
17            mwnelson@littler.com
         LITTLER MENDELSON, PC
18       Treat Towers
         1255 Treat Boulevard, Suite 600
19       Walnut Creek, California 94597
         Telephone:    (925) 923-2468
20       Facsimile:    (925) 946-9809

21       Attorneys for Defendant
         LOOMIS ARMORED US, LLC
22
23    **3.    DISCOVERY**

24        **A. Plaintiff's Position:**

25    Plaintiff requests that discovery not be phased between class certification and merits

26  discovery. Discovery is currently stayed and, therefore, the Parties have not engaged in discovery to

27  date. Plaintiff anticipates serving written discovery, which will include Special Interrogatories,

28  Requests for Production, Requests for Admissions and Form Interrogatories (General and

1

1  Employment).  Plaintiff also anticipates deposing Defendants' Person Most Knowledgeable within

2  the next six months.

3      **B. Defendant's Position:**

4          The Parties are currently meeting and conferring to determine if they wish to engage in early

5  mediation.  In the event that the Parties agree to early mediation, Defendant proposes staying formal

6  discovery for six months to allow the parties to engage in an informal exchange of information to

7  prepare for mediation.  In the event that mediation is unsuccessful, the Parties will commence formal

8  discovery related to class certification including depositions of key witnesses, interrogatories, requests

9  for admission and requests for production.

10      **B. ARBITRATION**

11          Defendant asserts that many putative class members signed binding arbitration agreements

12  during the relevant class period, and therefore do not have common claims with the Plaintiff in this

13  action.

14      **C. RELATED ACTIONS**

15          Defendant settled two class action cases with claims that substantially overlap with the claims

16  asserted in this action.

17          In *Reynaga v. Loomis Armored US, LLC*, Santa Clara County Superior Court Case No. 115

18  CV287016, Plaintiff asserted claims on behalf of himself and similarly situated route service employees

19  (such as drivers, messengers, custodians, and service technicians) for failure to provide meal and rest

20  breaks and overtime or minimum wages, failure to timely pay wages on termination, failure to provide

21  accurate written wage statements, failure to reimburse business expenses, applicable wage order

22  violations, unfair business practices, and penalties under the Private Attorneys General Act.  The class

23  period extended from October 19, 2011 through November 3, 2016, thereby encompassing many of the

24  putative class members in this action including the named Plaintiff.  This Court granted final approval of

25  the settlement on June 19, 2017.

26          In *Klein v. Loomis Armored US, LLC*, San Bernardino County Superior Court Case No.

27  CIVDS1704547, Plaintiff asserted meal and rest period claims on behalf of himself and similarly

28  situated route service employees.  Plaintiff also asserted claims for unpaid wages for hours worked,

1  including any overtime wages.  Plaintiff sought related claims for failure to timely pay wages on

2  termination, failure to provide accurate written wage statements, and unfair business practices, and

3  penalties under the Private Attorneys General Act.  The court granted preliminary approval on August

4  27, 2018.  The final approval hearing is scheduled for September 7, 2018.  The class period extends

5  from November 4, 2016 (the day after the class period in the *Reynaga* action) through January 29, 2018.

6  **D. FACTUAL AND LEGAL ISSUES**

7  A.  Plaintiff's Position:

8  Plaintiff worked for Defendant as a non-exempt, hourly employee from approximately 2012

9  through April 26, 2017.  Plaintiff filed this lawsuit which seeks to represent all individuals who worked

10  for Defendant directly and/or were jointly employed by Defendant through a staffing agency and/or

11  third party in hourly or non-exempt positions in a California.  Plaintiff alleges that Defendant routinely

12  acquired consumer, investigative consumer and/or consumer credit reports to conduct background

13  checks on Plaintiff and other prospective, current and former employees and use information from credit

14  and background reports in connection with their hiring process without providing proper disclosures and

15  obtaining authorization. Plaintiff additionally asserts that Defendant failed to provide a full thirty (30)

16  minutes uninterrupted and/or undiminished meal breaks, rest breaks,  hourly wages, legally compliant

17  wage statements, final wages in a timely fashion,  and engaged in unfair competition.

18  Plaintiff seeks unpaid wages, actual damages, restitution, declaratory relief, pre-judgment interest,

19  statutory penalties, civil penalties and costs and of suit and reasonable attorney's fees.

20  Key factual and legal issues include:

21  1.  Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001

22  section 101(c)(1);

23  2.  Whether Defendants willfully failed to provide the class with stand-alone written

24  disclosures before obtaining a credit or background report in compliance with the

25  statutory mandates;

26  3.  Whether Defendants willfully failed to identify the name, address, telephone number,

27  and/or website of the investigative consumer reporting agency conducting the

28

1    investigation;

2    4.    Whether Defendants willfully failed to identify the source of the credit report to be

3          performed;

4    5.    Whether Defendants willfully failed to comply with the FCRA, ICRAA and/or the

5          CCRAA;

6    6.    Whether Defendants maintained a policy or practice of failing to provide employees

7          with their meal periods;

8    7.    Whether Defendants maintained a policy or practice of failing to provide employees

9          with their rest periods;

10   8.    Whether Defendants failed to pay premium wages to class members when they have

11         not been provided with required meal and/or rest periods;

12   9.    Whether Defendants failed to pay minimum and/or overtime wages to class members

13         as a result of policies that fail to provide meal periods in accordance with California

14         law;

15   10.   Whether Defendants failed to pay minimum and/or overtime wages to class members

16         for all time worked;

17   11.   Whether Defendants failed to reimburse class members for all necessary business

18         expenses incurred during the discharge of their duties;

19   12.   Whether Defendants failed to provide class members with accurate written wage

20         statements as a result of providing them with written wage statements with

21         inaccurate entries for, among other things, amounts of gross and net wages, and total

22         hours worked;

23   13.   Whether Defendants applied policies or practices that result in late and/or incomplete

24         final wage payments;

25   14.   Whether Defendants are liable to class members for waiting time penalties under

26         Labor Code section 203;

27   15.   Whether class members are entitled to restitution of money or property that

28         Defendants may have acquired from them through unfair competition;.

B.  Defendants' Position:

Defendant denies Plaintiff's allegations and also contends that this case is not suitable for class treatment.  Defendant also contends that the questions raised in Plaintiff's complaint, particularly the claims for meal and rest periods and failure to pay hourly wages, involve individualized inquiries based on a number of factors.  Defendant denies that Plaintiff and the putative class are entitled to unpaid wages, damages, costs, restitution, declaratory relief, and penalties, as alleged by Plaintiff.

Defendant also contends that Plaintiff does not have standing to pursue any claims against Defendant on behalf of putative class members, and her claims are not typical of the class.  As a putative class member in the *Reynaga* class action above, whose class period extended through November 4, 2016, Plaintiff settled and released her claims.  Here, Plaintiff went out on a medical leave of absence on or about October 27, 2016 and did not perform any more work for Defendant following that date.  Therefore, she cannot possibly have any meal or rest violations, or derivative claims, that were not already waived.

Defendant anticipates that the principle legal and factual issues include whether its background check policies, disclosures, and forms complied with applicable state and federal laws; whether its meal and rest period policies complied with applicable state laws; whether it paid its employees hourly wages at the applicable rate for all time worked; whether it provided accurate written wage statements; whether it timely paid all final wages; and whether it engaged in unfair competition.

Pursuant to this Court's May 18, 2018 Order deeming the case complex and ordering that the Parties shall not file or serve responsive pleadings, including motions related to contesting the Court's jurisdiction, Defendant has not yet responded to the Complaint.  Following the initial case management conference, Defendant intends to file a Notice of Removal to the Northern District of California.

**E.  ADR**

The Parties are open to engage in private mediation to facilitate settlement on a class-wide basis.

**F.  CLASS DISCOVERY**

A.  Plaintiff's Position:

Plaintiff requests that discovery not be phased between class certification and merits discovery.

B.  Defendant's Position:

1    Defendant requests bifurcated discovery, limiting discovery to class-related issues until such
2   time as class certification is decided.  Courts have recognized that bifurcated or phased discovery can
3   be an efficient management tool.  *See Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 440-41 (2000).
4   Bifurcated discovery is particularly appropriate in cases where, as here, there is a substantial question
5   regarding whether Plaintiff has standing to pursue claims on behalf of the putative class.

6
7
8   Dated:  August 7, 2018                      SETAREH LAW GROUP

9
10
11                                              SHAUN SETAREH
                                                THOMAS SEGAL
12
13                                              Attorneys for Plaintiff
                                                ALICIA ROSALES
14
15  Dated:  August 7, 2018                      LITTLER MENDELSON

16
17
18                                              JOANNA L. BROOKS
19                                              MICHAEL W. NELSON
20
21                                              Attorneys for Defendant
                                                LOOMIS ARMORED US, LLC
22
23
24
25
26
27
28

EXHIBIT I

1   ROD M. FLIEGEL, State Bar No. 168289
    LITTLER MENDELSON, P.C.
2   333 Bush Street, 34th Floor
    San Francisco, CA  94104
3   Telephone:   415.433.1940
    Facsimile:    415.399.8940
4

5   JOANNA L. BROOKS, Bar No. 182986
    MICHAEL W. NELSON, Bar No. 287213
6   LITTLER MENDELSON, P.C.
    Treat Towers
7   1255 Treat Boulevard, Suite 600
    Walnut Creek, CA  94597
8   Telephone:   925.932.2468
    Fax No.:      925.946.9809
9

10  Attorneys for Defendant
    LOOMIS ARMORED US, LLC

11                    SUPERIOR COURT OF CALIFORNIA

12                      COUNTY OF SANTA CLARA

13
    ALICIA ROSALES, on behalf of herself,    Case No.  18CV326826
14  all others similarly situated,
                                             **ANSWER TO FIRST AMENDED**
15                Plaintiff,                  **COMPLAINT (CLASS ACTION)**

16        v.                                  First Amended Complaint Filed:  July 20, 2018

17  LOOMIS ARMORED US, LLC, a Texas
    corporation; and DOES 1 through 50,
18  inclusive,

19                Defendant.

20

21

22

23

24

25

26

27

28

ILER MENDELSON P.C
      Treat Towers
1255 Treat Boulevard
      Suite 600
Walnut Creek, CA  94597
   925.932.2468

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/28/2018 2:29 PM
Reviewed By: R. Walker
Case #18CV326826
Envelope: 1885549

Defendant Loomis Armored US, LLC ("Defendant"), through undersigned counsel, answer the unverified First Amended Complaint of Plaintiff Alicia Rosales ("Plaintiff").

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant hereby answers Plaintiff's unverified First Amended Complaint by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein and by asserting the following separate and distinct additional affirmative defenses. Defendant further denies that this case is appropriate for class treatment.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the First Amended Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such further defenses. Defendant also expressly denies the existence of any alleged putative class of "similarly situated" individuals that Plaintiff purports to represent in this lawsuit pursuant to California Code of Civil Procedure § 382, Federal Rule of Civil Procedure 23, and California Business & Professions Code §§ 17203-17204. Defendant thus expressly denies the existence of any such group each and every time it references "Plaintiff" as if fully set forth therein. All defenses asserted are also asserted against the putative class, except where the claim is asserted only on behalf of the named Plaintiff.

1.     Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2.     The Court lacks personal jurisdiction over Defendant to resolve the claims brought by a nationwide class.

3.     The Court lacks subject matter jurisdiction over the claims of certain persons, including putative class members, to the extent they are subject to arbitration.

ILER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.3600

4.      Plaintiff's First Amended Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or negligently fail to comply with the applicable law, including but not limited to the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA") and the California Investigative Consumer Reporting Agencies Act ("ICRAA").

5.      Plaintiff's claims for statutory damages and punitive damages violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant's property which is unjustified by any rational governmental interest; (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process; and/or (d) the statutes, including but not limited to section 616 of the FCRA (15 U.S.C. § 1681n), the CCRAA, and the ICRAA are unconstitutionally vague and unjustifiably arbitrary.

6.      Plaintiff's claims, and those of putative class members, are barred, in whole or in part, to the extent that Plaintiff and putative class members did not suffer any cognizable injury nor suffered any damages and have no standing pursuant to Article III of the U.S. Constitution.

7.      Plaintiff's substantive claims and her claims for damages (including but not limited to Plaintiff's claims under sections 1785, *et seq.* and 1786, *et seq.* of the California Civil Code), which seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution.  Defendant specifically alleges that sections 1785.20.5(a) and 1786.16(b) of the California Civil Code are unconstitutionally vague and ambiguous.

8.      Plaintiff's individual and class-wide claims are excluded from coverage by section 604 of the FCRA (15 U.S.C. § 1681b) and corresponding provisions of California law to the extent Defendant obtained any background reports in connection with an investigation of compliance with

'LER MENDELSON P.C
Treet Towers
1455 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

ANSWER TO FIRST AMENDED COMPLAINT

1   federal, state or local laws and regulations, the rules of self-regulatory organization or any pre-

2   existing policies (15 U.S.C. § 1681a(y)).

3       9.    Plaintiff's claims, and those of putative class members, are subject to dismissal

4   because the screening reports Defendant received were not "consumer reports" within the meaning

5   of the CCRAA and the ICRAA.

6       10.   Plaintiff's claims are barred, in whole or in part, because notwithstanding

7   Defendant's alleged non-compliance, Plaintiff otherwise was aware of her purported statutory rights.

8       11.   Defendant alleges that they have complied with the FCRA, the CCRAA, and the

9   ICRAA in the handling of Plaintiff's consumer report and/or investigative consumer report and are,

10  therefore, entitled to each and every defense stated in and available under the FCRA, the CCRAA,

11  and the ICRAA and to all limitations of liability.

12      12.   Plaintiff's First Amended Complaint, and each and every cause of action contained

13  therein, are barred in whole or in part because Plaintiff failed to comply fully or at all with

14  procedures available and/or required under the FCRA, the CCRAA, and the ICRAA to address

15  Plaintiff's concerns and/or otherwise failed to take reasonable steps to avoid harm.

16      13.   Defendant maintained reasonable procedures to comply with applicable law at all

17  times relevant to Plaintiff's First Amended Complaint.

18      14.   Plaintiff is not entitled to recover the equitable relief she seeks because: (a) an

19  adequate remedy at law exists; (b) Plaintiff lacks standing to seek equitable relief; (c) equitable relief

20  is only available to the Federal Trade Commission and Consumer Financial Protection Bureau, not

21  to private plaintiffs, and the Court lacks subject matter jurisdiction to issue an injunction; (d)

22  Plaintiff is not entitled to such relief for any claimed violation of the ICRAA or the CCRAA because

23  neither statute provides such relief as a remedy; and (e) Plaintiff's claim for equitable relief is moot

24  in any event.

25      15.   Plaintiff is barred from recovering statutory damages under the ICRAA because the

26  ICRAA by its terms bars recovery of statutory damages in class actions.

27      16.   The damages alleged by Plaintiff under California law are not reasonable and are thus

28  barred by California Civil Code § 3359.

ILER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

ANSWER TO FIRST AMENDED COMPLAINT

17.     Plaintiff's First Amended Complaint, and each and every cause of action contained therein, are barred in whole or in part because Plaintiff seeks to recover for alleged harm that is outside of the applicable statute of limitations, including but not limited to, 15 U.S.C. § 1681p of the FCRA, California Civil Code § 1786.52 of the ICRAA, California Civil Code § 1785.33 of the CCRAA, California Code of Civil Procedure §§ 335.1, 337, 338, 339, 340, and 343, California Labor Code § 203, and California Business and Professions Code § 17208.

18.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

19.     All of Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet her burden of demonstrating that each requirement of class certification, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendant's rights to due process under the law.  To the extent that class certification is nonetheless granted at a future date, Defendant alleges and asserts each of the defenses previously stated herein against each and every putative class member.

20.     Adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the U.S. Constitution. *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

21.     Plaintiff's First Amended Complaint, and each and every cause of action contained therein, are barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant or their agents or employees.

22.     Assuming that Plaintiff suffered or sustained any loss, damage or injury, which Defendant specifically denies, such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiff complains.

LER MENDELSON, P.C.
Inter Centre
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

5.

ANSWER TO FIRST AMENDED COMPLAINT

23.    Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of third parties other than Defendant, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against Defendant, must be reduced by the proportion of fault attributable to such third parties, and to the extent that this is necessary, Defendant may be entitled to partial indemnity from such third parties on a comparative fault basis.

24.    Defendant alleges that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would violate Defendant's due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California.

25.    Plaintiff's prosecution of this action as a representative of the general public under California Business and Professions Code § 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the U.S. Constitution and under the California Constitution.

26.    Pursuant to California Business and Professions Code § 17200, *et seq.*, Plaintiff's claims for restitution are barred to the extent that these claims constitute damages or penalties of any nature.

27.    Plaintiff's claims seeking recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code § 17200, *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

28.    Plaintiff and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, such as by reporting any unpaid work time and/or unpaid wages and/or timely reporting any inability to take a meal break or rest break, and that if it is determined that they have the right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

29.    Plaintiff's claims, and those of certain putative class members, are barred, in whole or in part, on the grounds of res judicata and/or collateral estoppel.

30.    Defendant alleges that the claims for alleged failure to provide meal periods are barred in whole or in part to the extent Plaintiff and/or any of the other putative class members, or

ILER MENDELSON, P.C.
Tree Taxes
1755 Penn Boulevard
Suite 500
Walnut Creek, CA 94597
925.932.2466

6.

ANSWER TO FIRST AMENDED COMPLAINT

1    some of them, entered into valid on-duty meal period agreements with Defendant.

2        31.    Plaintiff's First Amended Complaint, and each and every claim for relief therein, are

3    barred in whole or in part to the extent that Plaintiff and/or any of the other putative class members,

4    or some of them, by reason of their acts, conduct and/or omissions, consented to, encouraged, or

5    voluntarily participated in all actions taken, if any, including, but not limited to, the waiver of any

6    meal or rest periods that were not taken.

7        32.    To the extent some work was performed by Plaintiff or putative class members that

8    was completely voluntary in nature and without Defendant's knowledge or authorization, and was

9    not required by Defendant as a term or condition of Plaintiff's or putative class members' continued

10    employment, such work does not constitute compensable working time under California law.

11        33.    Defendant alleges that the claims for penalties, including, but not limited to penalties

12    predicated on Labor Code sections 201-204, are barred because (1) there are *bona fide* disputes as to

13    whether Defendant failed to timely pay all wages due, and (2) Defendant have not willfully failed to

14    pay such compensation, if any is owed.

15        34.    Without conceding that Defendant violated the law, some or all of the disputed time

16    for which Plaintiff and/or the members of the alleged putative group she purports to represent seek to

17    recover (of wages purportedly owed) is not compensable pursuant to the doctrine of *de minimis non*

18    *curat lex.*

19        35.    Defendant alleges that the First Amended Complaint cannot be maintained against

20    Defendant to the extent Plaintiff and/or any of the other putative class members secreted or absented

21    themselves to avoid payment of wages, thereby relieving Defendant of liability for penalties under

22    Labor Code sections 203 and/or 210.

23        36.    Plaintiff's claims are barred in whole or in part and Plaintiff lacks standing to bring

24    her claims, including but not limited to the extent Plaintiff's alleged damages were caused by her

25    own failure to perform her job duties consistent with expectations and her failure to follow

26    directives, policies and procedures.

27        37.    Defendant alleges that civil penalties predicated on Labor Code sections 226.7 and

28    512 are inappropriate to the extent that Plaintiff and/or any other allegedly aggrieved current or

ILER MENDELSON, P.C
Frost Towers
1055 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

ANSWER TO FIRST AMENDED COMPLAINT

1  former employees did not take meal periods or rest breaks, it was the result of their failure to follow

2  Defendant's reasonable instructions.

3      38.    To the extent Plaintiff and/or those persons she seeks to represent entered into one or

4  more settlements with Defendant or otherwise released Defendant from any liability as alleged in the

5  First Amended Complaint, their claims are barred in whole or in part by the doctrine of settlement,

6  accord and satisfaction.

7      39.    The First Amended Complaint and each cause of action set forth therein, or some of

8  them, are barred to the extent the damages Plaintiff alleges in the First Amended Complaint are too

9  speculative to be recoverable at law.

10     40.    Defendant alleges that venue is improper, and/or another venue would be more

11  convenient for the parties and the witnesses, and transferring to an alternative venue would be in the

12  interest of justice.

13     41.    Defendant alleges that some or all of the purported causes of action alleged in the

14  First Amended Complaint under the California Labor Code or an Order of the California Industrial

15  Welfare Commission are barred, in whole or in part, to the extent Plaintiff and/or those persons she

16  seeks to represent performed their work for Defendant outside of California and thus outside the

17  reach of the California Labor Code and/or the Orders of the California Industrial Welfare

18  Commission.

19     42.    Defendant is informed and believe that a reasonable opportunity for investigation and

20  discovery will reveal, and on that basis alleges, that the First Amended Complaint, and each

21  purported cause of action therein, or some of them, are barred by Plaintiff's own breach of duties

22  owed to Defendant, and/or the breaches of the members of the alleged putative class she purports to

23  represent, under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and 2859.

24     43.    Even assuming *arguendo* that Plaintiff and/or the members of the alleged putative

25  class she purports to represent are entitled to recover any wages under California law, including but

26  not limited to any unpaid premium pay or overtime compensation, Defendant is entitled to a credit or

27  offset for all compensation or credits cumulatively provided that were not required under the law in

28

LER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 9459?
975 932 2468

8.

ANSWER TO FIRST AMENDED COMPLAINT

1    order to prevent a windfall to Plaintiff and/or the members of the alleged putative class she purports

2    to represent.

3          44.    Defendant alleges that even assuming *arguendo* Defendant failed to comply with any

4    provision of the Labor Code, including Labor Code sections 1194, 1197, 226, 226.7, 201, 202, 203,

5    and/or 512, Defendant substantially complied with the Labor Code, thus rendering an award of civil

6    penalties inappropriate under the circumstances, including civil penalties pursuant to the Wage

7    Order and Labor Code.  For the same reason, should the Court find a violation of the Labor Code

8    occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion

9    and significantly discount or eliminate any potential penalties owed by Defendant due to their good

10    faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

11         45.    Defendant is informed and believe that further investigation and discovery will

12    reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial

13    Welfare Commission was an act or omission made in good faith and Defendant had reasonable

14    grounds for believing that their wage payment practices complied with applicable laws and that any

15    such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare

16    Commission such that Plaintiff is not entitled to any penalties, damages or liquidated damages in

17    excess of any wages which might be found to be due.

18         46.    The First Amended Complaint and each cause of action therein, or some of them, are

19    barred to the extent the applicable wage orders of the California Industrial Welfare Commission or

20    the provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate

21    Defendant's rights under the U.S. and California Constitutions to, among other things, due process

22    of law.

23         47.    Defendant alleges that any alleged failure to provide Plaintiff and/or any of the other

24    putative class members with wage statements in conformity with Labor Code § 226(a) or any other

25    alleged violation of the California Labor Code was not knowing, intentional or willful and was not

26    brought to the attention of management, if any.

27         48.    Defendant alleges that Plaintiff and/or any of the other putative class members

28    sustained no injury, as defined in Labor Code § 226(e)(2), from any alleged failure to provide wage

LER MENDELSON, P.C
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1    statements in conformity with Labor Code § 226(a) or from any other alleged violation of the

2    California Labor Code.

3        49.    Defendant alleges that Plaintiff failed to properly exhaust all administrative and

4    contractual remedies and/or satisfy the statutory prerequisites under the Private Attorneys General

5    Act ("PAGA"), California Labor Code section 2698 *et seq.*

6        50.    Plaintiff lacks standing to bring claims for civil penalties on behalf of allegedly

7    "aggrieved employees" because she is not an "aggrieved employee," pursuant to the PAGA.

8        51.    Plaintiff lacks standing to bring claims for civil penalties on behalf of other allegedly

9    "aggrieved employees" because she has failed to adequately identify them, pursuant to the PAGA.

10       52.    Plaintiff is not an adequate or proper representative of any group or putative class of

11   allegedly "aggrieved employees."

12       53.    Plaintiff's claims for civil penalties under the PAGA are such that they cannot be

13   tried on a representative basis because (1) such a determination would require complex factual

14   issues, (2) penalties could not be calculated on a representative basis, (3) the penalties could

15   potentially not be nominal, (4) the penalties would not be identical for all aggrieved employees, and

16   (5) trying such a representative action would be unmanageable.

17       54.    The First Amended Complaint and each and every cause of action therein, or some of

18   them, are barred in whole or in part to the extent no private right of action exists with respect to one

19   or more of the claims asserted in the First Amended Complaint.

20       55.    The First Amended Complaint, and each and every alleged cause of action therein, or

21   some of them, are barred because Plaintiff or some, or all, of the purportedly "aggrieved employees"

22   Plaintiff seeks to represent lack standing to bring this action for, and the court lacks jurisdiction to

23   award, certain of the penalties sought in the First Amended Complaint, including, but not limited to

24   those penalties claimed pursuant to California Labor Code sections 226 and/or 558, as such penalties

25   may only be imposed in a proceeding brought by the California Labor Commissioner.

26       56.    The First Amended Complaint, and each and every alleged cause of action therein, or

27   some of them, are barred because the PAGA violates the prohibition against excessive fines in

28

LER MENDELSON, P.C
    Trest Towers
1255 Treat Boulevard
    Suite 600
Walnut Creek, CA 94597
    925.932.2468

10.

violation of the Eighth Amendment to the U.S. Constitution and Article I, section 7 of the California Constitution. *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

WHEREFORE, Defendant prays for judgment in their favor and against Plaintiff as follows:

1.  That the First Complaint be dismissed with prejudice;

2.  That Plaintiff takes nothing by way of the First Complaint;

3.  That Defendant recover their attorney's fees, costs and disbursements in this action; and

4.  For such other and further relief as the Court deems just and proper.

Dated:   August 28, 2018

ROD M. FLIEGEL
JOANNA L. BROOKS
MICHAEL W. NELSON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
LOOMIS ARMORED US, LLC

Firmwide:156619718.1 028378.1212

11.

ANSWER TO FIRST AMENDED COMPLAINT

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 8/28/2018 2:29 PM
Reviewed By:R. Walker
Case #18CV326826
Env #1885549

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to

the within action. My business address is 1255 Treat Blvd., Suite 600, Walnut Creek, California

94597. On August 28, 2018, I caused to be served the within document(s):

**ANSWER TO FIRST AMENDED COMPLAINT (CLASS ACTION)**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By Electronic Service Via First Legal Network  - I caused the above-entitled document(s) to be served through the First Legal E-Filing Service through the First Legal Network E-filing service at efiling@firstlegal.com addressed to all parties set forth below.  A copy of the First Legal Network Receipt page/Confirmation will be maintained with the original document(s) in this office.

Shaun Setarch                              *Attorneys for Plaintiff*
H. Scott Leviant                           ALICIA ROSALES
William M. Pao
SETAREH LAW GROUP
shaun@setarehlaw.com
scott@setarehlaw.com
william@setarehlaw.com
T. (310) 888-7771; F. (310) 888-0109

ITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 28, 2018 at Walnut Creek, California.

Gina Camacho

Firmwide:156752320.1 028378.1212

PROOF OF SERVICE